613 A.2d 1211

**Joseph V. SOMERS, Appellant,**

v.

**Paul SOMERS and Somers Construction Co., Inc., Appellees.**

Superior Court of Pennsylvania.

Argued Jan. 30, 1992.

Filed July 28, 1992.

Reargument Denied Oct. 13, 1992.

132

James D. Crawford, Philadelphia, for appellant.

Cliff Russell, Fort Washington, for appellees.

Before CIRILLO, DEL SOLE and KELLY, JJ.

DEL SOLE, Judge:

This is an appeal from an order of the Court of Common Pleas of Montgomery County sustaining preliminary objections and dismissing counts I and II of plaintiff/appellant Joseph V. Somers's complaint. We reverse.

Joseph V. Somers and Paul Somers, uncle and nephew, respectively, entered into a stock purchase agreement on August 15, 1985. Pursuant to that agreement, uncle sold to nephew a portion of his stock in the Somers Construction Company, Inc. (SCC), and surrendered to the corporation for redemption the remainder of his outstanding shares. Thus, nephew became the company's sole stockholder, holding the offices of president and director of SCC as well.

In conjunction with the stock transfer agreement, the parties entered into an employment agreement whereby uncle was employed by SCC as a "consultant respecting general corporate matters, and ... with authority to act with [nephew] for the Corporation respecting completion of the Wallkill project." The employment agreement specified no term, but provided for a monthly consulting fee. In addition, the agreement stated:

In the event of net profits from the Wallkill project, ascertained by Joseph [uncle] and by the firm of accountants regularly employed by the Corporation at the time of resolution of claims with the Office of General Service or other office having jurisdiction, the Corporation shall pay Joseph

[uncle] as additional compensation for his services as consultant 50% of such net profits at the time such determination is made.

The Wallkill project, on which SCC acted as general contractor, involved the construction of a correctional facility in New York. A determination of net profits would follow the resolution of all claims between SCC and the New York Office of General Services [OGS], as well as a resolution of the claims between all subcontractors and OGS.

During negotiations with OGS, SCC sought additional compensation for its work on the Wallkill project. Nephew and uncle disagreed over the handling of this claim, and, prior to its resolution, the parties reached an impasse in their business relationship. As a result, nephew terminated uncle's employment. Uncle filed a complaint in equity which was dismissed. The court allowed amendment, and uncle filed a second amended complaint seeking damages. Nephew filed preliminary objections, and the trial court dismissed counts I and II of uncle's complaint. This appeal followed.

In an appeal from an order sustaining preliminary objections in the nature of a demurrer, the appellate court applies the same standard employed by the trial court: all material facts set forth in the complaint as well as all inferences reasonably deducible therefrom are admitted as true for purposes of review. The question presented by the demurrer is whether, on the facts averred, the law says with certainty that that no recovery is possible. Where any doubt exists as to whether a demurrer should be sustained, it should be resolved in favor of overruling the demurrer. *Guinn v. Alburtis Fire Co.*, 134 Pa.Cmwlth. 270, 577 A.2d 971 (1990); *Kyle v. McNamara & Criste*, 506 Pa. 631, 634, 487 A.2d 814, 815 (1985).

In reviewing preliminary objections, only facts that are well pleaded, material, and relevant will be considered as true, together with such reasonable inferences that may be drawn from those facts, and preliminary objections will be sustained only if they are clear and free from doubt. *Ohio*

*Casualty Group Ins. Co. v. Argonaut Ins. Co.*, 92 Pa.Cmwlth. 560, 500 A.2d 191 (1985). A preliminary objection should be sustained only where it appears with certainty that, upon the facts averred, the law will not allow the plaintiff to recover. *International Union of Operating Engineers, Local No. 66, AFL–CIO v. Linesville Construction Co.*, 457 Pa. 220, 322 A.2d 353 (1974).

Under the Pennsylvania system of fact pleading, the pleader must define the issues; every act or performance essential to that end must be set forth in the complaint. *See* Pa.R.C.P. 1019; 4 Standard Pennsylvania Practice § 21:32; *see also Pike County Hotels Coporation v. Kiefer,* 262 Pa.Super. 126, 396 A.2d 677 (1978) (at a minimum, the pleader must set forth facts upon which his cause of action is based). When ruling on preliminary objections, a court must generally accept as true all well and clearly pleaded facts, but not the pleader's conclusions or averments of law. *See* 5 Standard Pennsylvania Practice § 25:8. *See also Keirs v. Weber National Stores, Inc.,* 352 Pa.Super. 111, 507 A.2d 406 (1986).

In count I of his complaint, entitled "Settlement with OGS," uncle avers that nephew and SCC breached the contract and the fiduciary duties with respect to SCC's and nephew's implied and express obligations to negotiate, arbitrate or settle in good faith the claims between SCC and OGS, and the claims between SCC and the subcontractors. Uncle alleged that nephew and SCC accepted from OGS, with no justification, a settlement regarding the Wallkill project claim in the amount of $3,558,828.00, and failed to pursue additional claims of $400,000.00 for concrete work and $50,000.00 for caulking work.

In count II, entitled "Action for an Accounting, The Settlements with the Subcontractors," uncle alleged that nephew and SCC refused to allow him access to the litigation and claim files with respect to the subcontractors, and refused to allow him to participate in the settlements or litigation. Uncle avers, therefore, that the subcontractors were overpaid and he is entitled to an accounting in order to determine the amount due him. *See* Pa.R.C.P. 1021.

Pursuant to the employment contract, uncle was entitled to 50% of the net profits from the Wallkill project. In *Somers v. Somers,* 390 Pa.Super. 664, 561 A.2d 827 (1989), this court, by memorandum decision, affirmed the Honorable Stanley R. Ott's determination that the consulting agreement between the parties should be construed as an employment agreement terminable at will.

In the trial court, Uncle did not again allege that defendants breached their agreement by terminating his employment as consultant, but instead alleges that nephew breached duties implied in the agreement. The trial court analyzed Appellant's claim under the law pertaining to the duties of corporations and their directors and officers, and concludes that the defendant corporation and owner owed no duty to Appellant who was only an employee. However, this misconstrues Appellant's argument. Furthermore, we hold that Appellant has stated a claim for relief under Pennsylvania contract law, and is therefore entitled to a trial in order to attempt to prove that Paul Somers and the Somers Construction Company, [SCC], breached their duty of good faith arising from the contract between the parties.

The general duty of good faith and fair dealing in the performance of a contract as found in The RESTATEMENT (SECOND) OF CONTRACTS § 205, has been adopted in this Commonwealth in *Creeger Brick & Building Supply Inc. v. Mid–State Bank & Trust Co.,* 385 Pa.Super. 30, 35, 560 A.2d 151, 153 (1989), and *Baker v. Lafayette College,* 350 Pa.Super. 68, 84, 504 A.2d 247, 255 (1986), *aff'd,* 516 Pa. 291, 532 A.2d 399 (1987). A similar requirement has been imposed upon contracts within the Uniform Commercial Code by 13 Pa.C.S. § 1203. The duty of "good faith" has been defined as "[h]onesty in fact in the conduct or transaction concerned." See 13 Pa.C.S. § 1201.

The obligation to act in good faith in the performance of contractual duties varies somewhat with the context, *Baker, supra,* 350 Pa.Superior Ct. at 84, 504 A.2d at 255, and a complete catalogue of types of bad faith is impossible, but it is possible to recognize certain strains of bad faith which include:

evasion of the spirit of the bargain, lack of diligence and slacking off, willful rendering of imperfect performance, abuse of a power to specify terms, and interference with or failure to cooperate in the other party's performance. RESTATEMENT (SECOND) of CONTRACTS, § 205(d).

█ The duty to perform contractual obligations in good faith does not evaporate merely because the contract is an employment contract, and the employee has been held to be an employee at will. For instance, we held in *Baker, supra.,* that when the employer, Lafayette College, expressly provided in its employment contract for a comprehensive evaluation and review process of the employee as a condition of re-employment, there was an obligation implied in the contract for the parties to perform their contractual duties in good faith. Therefore, the College was obliged to undertake an honest and meaningful review of Mr. Baker's performance, not a sham formality designed to ratify an arbitrary decision already made. *Id.*

Similarly, in a case decided by the supreme court, *Jacobs v. Kraft Cheese Co.,* 310 Pa. 75, 164 A. 774 (1933), it was held that where it is provided in an employment contract that the employee's/cheesemaker's continued employment was conditioned on producing a cream cheese satisfactory to the demands of the trade and market, the company had an obligation to perform its part of the contractual obligations, that is to make an honest and good faith effort to sell the product. *Id.,* 310 Pa. at 82, 164 A. at 776.

A similar requirement of good faith has been imposed under a contract doctrine developed in Pennsylvania case law called the "doctrine of necessary implication." *Frickert v. Deiter Bros. Fuel Co., Inc.,* 464 Pa. 596, 347 A.2d 701 (1975) (Pomeroy, J., concurring); *Slater v. Pearle Vision Center, Inc.,* 376 Pa.Super. 580, 546 A.2d 676 (1988). That doctrine has been stated as follows:

In the absence of an express provision, the law will imply an agreement by the parties to a contract to do and perform those things that according to reason and justice they should do in order to carry out the purpose for which the

contract was made and to refrain from doing anything that would destroy or injure the other party's right to receive the fruits of the contract. *Frickert, supra.* 464 Pa. at 603 [, 347 A.2d 701] (citation omitted).

In *Frickert,* one of the owners of a closely held corporation did not perform his contract "according to reason and justice" when he transferred his shares in the corporation to his sons during his lifetime, when the shareholders agreement's intent was to ensure that the certain key employees would succeed to ownership in equal shares. Thus it was held that although the intervivos transfer of shares was not expressly prohibited in the contract, this transfer frustrated the intent of the parties to the contract, and violated the implied duty of the parties to act according to reason and justice. *Id.*

Similarly, in *Slater v. Pearle Vision,* when Pearle Vision failed to occupy premises it had leased in a shopping center, damaging the business of the shopping center, we invoked the doctrine of necessary implication to hold that Pearle Vision was required under the contract/lease to occupy and use the leased premises in order to enforce the clear intentions of the party and avoid injustice, although there was no express term in the contract requiring occupancy. *Slater v. Pearle Vision, supra,* 376 Pa.Superior Ct. at 585, 546 A.2d at 679–680.

Therefore, whether under the doctrine of necessary implication, or the Restatement's implied duty of good faith performance of contracts, or the U.C.C.'s requirement of honesty in fact or in the conduct or transaction, we hold that Appellant has stated a claim for breach of contract. In the instant case, there is no express term in the contract requiring defendants to act in good faith, using due diligence in negotiating for payment with OGS and the subcontractors concerning the Wallkill project, as required under the Restatement. Nor is there an express term requiring Appellees to perform those things according to reason and justice which must be done so as not to injure Joseph Somers' right to receive the fruits of the contract, that is 50% of the profits from the Wallkill project. However, under our case law, these obligations are implied in the contract between Joseph Somers and Appellees.

Although we stated in *Somers v. Somers*, 390 Pa.Super. 664, 561 A.2d 827 (1989), that the consulting contract was an employment contract terminable at will, we noted, significantly, that no claims for breach of contract were before us, so we were unable to offer any relief. *Id.*, at p. 5. Now, however, those claims are before us, based on the implied duty to act in good faith in the performance of contractual duties.

Appellant claimed in Count 1 of his complaint that Paul Somers showed a lack of good faith and due diligence in resolving the dispute with OGS and settling the claim for significantly less than was owed thereby depriving him of approximately $3 million as his share of the proceeds. In Count 2, Appellant claims that Paul Somers and the Company are bound to account to him and justify the payments made to the subcontractors. He urges that the payments to the subcontractors were excessive as a result of Paul Somers' failure to exercise care and diligence, but as he has no access to the files, he does not know the amount due him. Both counts state a claim for breach of contract, based on the implied obligation to act in good faith and do nothing to destroy the rights of the other party to receive the fruits of the agreement.

Appellees argue in their brief that they had no choice but to settle the claims with OGS and the subcontractors, otherwise they would have suffered devastating losses and bankruptcy. This may well be true, and therefore Joseph Somers would not be entitled to any recovery. However, this is a question of fact which may not be disposed of on preliminary objections where questions of law are decided.

Therefore, we vacate the trial court's order granting Appellees' demurrer to Joseph Somers' claims in Counts I and II of his complaint and reinstate these claims on the basis that a claim for relief for breach of contract based on the implied duty of good faith performance of contractual duties found in the consulting contract was stated by Appellant.

The order is reversed, and the case is remanded for trial on all counts of the complaint. Jurisdiction is relinquished.