**EQUAL EMPLOYMENT OPPORTUNITY COMMISSION,**
Plaintiff,

and

Charles King, Intervening Plaintiff,

v.

**CHESTNUT HILL HOSPITAL,**
Defendant.

Civ. A. No. 94–3333.

United States District Court,
E.D. Pennsylvania.

Jan. 26, 1995.

Jacqueline H. McNair, Wanda E. Flowers, Judith A. O'Boyle, Brian Matthew Rhodes, E.E.O.C., Philadelphia, PA, for E.E.O.C.

Richard L. Strouse, David S. Fryman, Ballard, Spahr, Andrews and Ingersoll, Philadelphia, PA, for Chestnut Hill Hosp.

Michael B. Tolcott, Bruce L. Thall, Abramson, Cogan, Kogan, Freeman & Thall, P.C., Joyce S. Mozenter, Mozenter and Mozenter, Philadelphia, PA, for Charles King.

### ORDER & MEMORANDUM

KATZ, District Judge.

AND NOW, this 26th day of January, 1995, upon consideration of the defendant's Motion for Summary Judgment, and the responses thereto, it is hereby **ORDERED** that the said motion is **GRANTED** as to Count IV of the Complaint in Intervention, and is otherwise **DENIED**.

## I.  *Facts*

In its complaint, plaintiff Equal Employment Opportunity Commission ("EEOC") alleges that defendant Chestnut Hill Hospital (the "Hospital") discriminated against Intervening Plaintiff Charles King and a class of black applicants for full-time security guard positions, in violation of Title VII of the Civil Rights Act of 1964 and Title I of the Civil Rights Act of 1991.  Mr. King's amended complaint in intervention repeats those federal civil rights claims and asserts state law claims for breach of the duty of good faith and fair dealing and for intentional infliction

of emotional distress. The Hospital now moves for summary judgment.

## II. *Discussion*

### A. *Summary Judgment Standard*

Summary judgment is appropriate "if the pleadings, depositions, answers to interrogatories, and admissions on file, together with the affidavits, if any, show that there is no genuine issue as to any material fact and that the moving party is entitled to a judgment as a matter of law." Fed.R.Civ.P. 56(c). The moving party has the burden of demonstrating the absence of any genuine issue of material fact. *Celotex Corp. v. Catrett,* 477 U.S. 317, 323, 106 S.Ct. 2548, 2552–53, 91 L.Ed.2d 265 (1986). The non-moving party cannot rely solely on the allegations contained in its pleading; it must offer specific facts indicating that there is a genuine issue for trial. *Id.* at 324, 106 S.Ct. at 2553.

When ruling on a motion for summary judgment, the court must construe the evidence and any reasonable inferences that can be drawn therefrom in favor of the non-moving party. *Josey v. John R. Hollingsworth Corp.,* 996 F.2d 632, 637 (3d Cir.1993). In other words, if the evidence presented by the parties conflicts, the court must accept the allegations of the non-moving party as true. *Anderson v. Liberty Lobby, Inc.,* 477 U.S. 242, 255, 106 S.Ct. 2505, 2513–14, 91 L.Ed.2d 202 (1986).

### B. *Civil Rights Claims*

■ A summary judgment motion in a "pretext" employment discrimination case, such as this one, must be considered in light of the framework established by the Supreme Court in *McDonnell Douglas Corp. v. Green,* 411 U.S. 792, 93 S.Ct. 1817, 36 L.Ed.2d 668 (1973); *Texas Dep't of Community Affairs v. Burdine,* 450 U.S. 248, 101 S.Ct. 1089, 67 L.Ed.2d 207 (1981); and *St. Mary's Honor Ctr. v. Hicks,* —— U.S. ——, 113 S.Ct. 2742, 125 L.Ed.2d 407 (1993). That line of cases places the initial burden of establishing a prima facie case of discrimina-

tion on the plaintiff. *Burdine,* 450 U.S. at 252–53, 101 S.Ct. at 1093–94. Next, the burden of production shifts to the defendant to articulate a legitimate, nondiscriminatory reason for its employment decision. *Id.* at 253, 101 S.Ct. at 1093–94. The plaintiff then has the burden of showing by a preponderance of the evidence that the defendant's explanation is a pretext for discrimination. *Hicks,* —— U.S. at ——, ——, 113 S.Ct. at 2752, 2754.

■ To survive a motion for summary judgment once the defendant has proffered a legitimate, nondiscriminatory reason for its adverse employment action, the plaintiff must submit evidence that either (1) discredits the proffered reason, so that the factfinder could reasonably conclude that it was a fabrication; or (2) permits the factfinder to infer that discrimination was more likely than not a motivating or determinative cause of the employer's action. *Fuentes v. Perskie,* 32 F.3d 759, 762, 764–65 (3d Cir.1994).

#### 1. *Mr. King*

■ For the purposes of this motion, the Hospital concedes that the plaintiffs have established a prima facie case of discrimination with respect to Mr. King. (Def.'s Mem. Supp.Mot.Summ.J. at 16–17.) However, the Hospital argues that there were legitimate, nondiscriminatory reasons for its hiring decisions, and that there is no evidence their proffered reasons were a pretext for discrimination. (*Id.* at 17.)

In 1992, Mr. King applied for four full-time security guard positions that were ultimately filled by white individuals: James Mongan, Lisa Caterisano, William Devery, and John McGinty.[1] The Hospital claims it hired Mr. Mongan because he had more seniority than Mr. King, and because Mr. King had a record of absenteeism, tardiness, and poor performance. It claims it hired Ms. Caterisano, who was previously employed by the Hospital as a secretary, on the strength of recommendations from the Hospital's Vice President and Director of Human Services. Finally, it claims it hired Mr. Devery and Mr.

---

1. The EEOC also contends that the Hospital failed to consider Mr. King for three other full-time security guard positions in 1991. (*See* Pl.'s

Mem.Opp'n Mot.Summ.J. at 8, 57, 62–63.) The Hospital's papers do not address this issue.

McGinty because it believed they were more qualified than Mr. King.

Although the Hospital has articulated legitimate, nondiscriminatory reasons for not hiring Mr. King into a full-time position, the EEOC has shown such weaknesses, inconsistencies, and contradictions in the proffered reasons that a reasonable factfinder could find them unworthy of credence. In particular, the EEOC has presented evidence (1) that Mr. Mongan's personnel file contained a written warning for absenteeism on the date he was hired for the full-time position, but that no written warnings had been placed in Mr. King's file, (Pl.'s Ex. 3, Ryan Dep. at 90–99); (2) that Ms. Caterisano was on the verge of being terminated from her position as a secretary when she was transferred to a full-time security guard position, (Pl.'s Ex. 13, Guzewski Dep. at 102–05); and (3) that Mr. Devery had less experience as a security guard than Mr. King, and Mr. McGinty had no recent experience as a security guard, (Pl.'s Exs. 18, 49). Therefore, the court will deny the motion for summary judgment as to the federal civil rights claims asserted by and on behalf of Mr. King.[2]

### 2. *Class Members*

■ The EEOC has met its initial burden of establishing a prima facie case of discrimination with respect to the eleven class members by submitting evidence showing (1) that each class member belongs to a racial minority, (2) that each class member applied and was qualified for a job as a full-time security guard at the Hospital, (3) that each class member was rejected despite his qualifications, and (4) that the Hospital continued to seek other applicants with the same qualifications. *McDonnell Douglas,* 411 U.S. at 802, 93 S.Ct. at 1824; *see also Ezold v. Wolf, Block, Schorr & Solis–Cohen,* 983 F.2d 509, 522 (3d Cir.1992), *cert. denied,* —— U.S. ——, 114 S.Ct. 88, 126 L.Ed.2d 56 (1993).

The Hospital argues that it is entitled to summary judgment with respect to the six

class members who were never interviewed for full-time security guard positions because its procedure for deciding which applicants to interview was color blind. (Def.'s Mem. Supp.Mot.Summ.J. at 33.) As to the five class members who were interviewed, the Hospital argues that William Ryan, its Director of Security, placed great weight on Philadelphia Police Department experience when making his hiring decisions, and that none of the five had such experience. (Def.'s Mem.Supp.Mot.Summ.J. at 34–35.)

■ The court will deny the motion for summary judgment as to the class members because the EEOC has submitted evidence that discredits the Hospital's explanations to such an extent that a factfinder could reasonably conclude that the explanations are unworthy of credence. In particular, the EEOC presented evidence that the Hospital was aware that the six class members it did not interview were black. Four of them filled out their applications at the Hospital's personnel office; a fifth submitted her application through her uncle, a black Hospital employee. (Pl.'s Ex. 35, Anderson Dep. at 59; Pl.'s Ex. 45, Coleman Dep. at 69; Pl.'s Ex 43, Henry Dep. at 33–34; Pl.'s Ex. 50, Price Dep. at 66; Pl.'s Ex. 42, Bobo–Peden Dep. at 40.) The application of the sixth indicated that he lived in a primarily black neighborhood and had attended a primarily black college. (Pl.'s Ex. 40, Cottman Dep. at 45–46.)

■ Moreover, the EEOC submitted evidence that three of the six class members who were never even interviewed each had approximately 20 years of Philadelphia Police Department experience. (Pl.'s Exs. 34, 39, 46.) This evidence makes the Hospital's assertion that Philadelphia police experience was an important factor in its hiring decisions subject to doubt.

**2.** *See Fuentes,* 32 F.3d at 764–65 n. 7 ("[T]o avoid summary judgment, the plaintiff [need not] cast doubt on each proffered reason in a vacuum. If the defendant proffers a bagful of legitimate reasons, and the plaintiff manages to cast substantial doubt on a fair number of them, the plaintiff may not need to discredit the remainder.

That is because the factfinder's rejection of some of the defendant's proffered reasons may impede the employer's credibility enough so that a factfinder may rationally disbelieve the remaining proffered reasons, even if no evidence undermining those remaining rationales in particular is available.").

### C. *Breach of Contract Claim*

The Hospital argues that it is entitled to summary judgment on Mr. King's claim for breach of the duty of good faith and fair dealing because (1) Mr. King is an employee at will, and (2) his civil rights claims provide an adequate remedy for his alleged injuries. Both arguments are without merit.

■ Pennsylvania has adopted the Restatement (Second) of Contracts § 205, which imposes a duty of good faith and fair dealing in the performance of a contract. *Somers v. Somers*, 418 Pa.Super. 131, 136, 613 A.2d 1211 (1992); *contra Rutherfoord v. Presbyterian–University Hosp.*, 417 Pa.Super. 316, 330 n. 6, 612 A.2d 500 (1992). The Superior Court has observed that this duty "does not evaporate merely because the contract is an employment contract, and the employee has been held to be an employee at will." *Somers*, 418 Pa.Super. at 137, 613 A.2d 1211.

■ Mr. King's federal civil rights claims will not necessarily provide an adequate remedy for the injuries he claims to have suffered. Based on the evidence submitted by the EEOC on Mr. King's behalf, it would be possible to find that the Hospital's failure to move Mr. King into a full-time security guard position in 1991–1992 was not motivated by a discriminatory animus, but did involve a breach of the duty of good faith and fair dealing.

### D. *Intentional Infliction of Emotional Distress Claim*

■ The Hospital's motion for summary judgment is granted as to Count IV of Mr. King's complaint in intervention, which purports to state a claim for intentional infliction of emotional distress. "[I]t is extremely rare to find conduct in the employment context that will rise to the level of outrageousness necessary to provide a basis for recovery for the tort of intentional infliction of emotional distress." *Cox v. Keystone Carbon Co.*, 861 F.2d 390, 395 (3d Cir.1988). Mr. King admits that his intentional infliction of emotional distress claim is based entirely on the same incidents that underlie his racial discrimination claims. (Def.'s Ex. 1, King Dep. at 225–26.) As this court has noted, "[r]acial discrimination alone ... does not state a claim for intentional infliction of emotional distress." *Nichols v. Acme Markets, Inc.*, 712 F.Supp. 488 (E.D.Pa.1989), *aff'd*, 902 F.2d 1561 (3d Cir.1990); *cf. Cox*, 861 F.2d at 396 n. 9; *Bowersox v. P.H. Glatfelter Co.*, 677 F.Supp. 307, 311 (M.D.Pa.1988).