## Farina v. Conestoga Title Insurance Company

C.P. of Lancaster County, no. CI-05-04931.

*Joseph A. O'Keefe,* for plaintiff.
*Jay E. Kagan,* for defendant.

GEORGELIS, *J.,* November 10, 2006—Before me is the motion for summary judgment of the defendant, Conestoga Title Insurance Company. The plaintiff, Francis J. Farina, has brought this action against Conestoga for damages he has alleged were caused by Conestoga's

failure to inform him of the presence of a septic tank on his property. The motion will be granted.

In July of 1992, Farina purchased title insurance from Conestoga for the purchase of a home in Chester County. In April of 2005, Farina learned that a neighbor sustained damage to his property as a result of a collapsed septic tank. Farina, concerned that his property might also contain a septic tank, searched the Tredyffrin Township record of sanitary drainage and plumbing fixtures and discovered that his property also contained a septic tank. He contacted Conestoga and made a claim against his title insurance policy for the removal of the septic tank. Conestoga denied the claim for the reason that it was not covered by Farina's policy.

On June 10, 2005, Farina filed a complaint as a class action and sought certification of the proposed class. On January 5, 2006, he filed a motion for class certification, pursuant to Pa.R.C.P. 1701 et seq., and Conestoga filed its answer on January 13, 2006. On May 11, 2006, Farina again filed a motion for class certification with an amended memorandum of law, and Conestoga filed a brief of opposition to the motion on June 2, 2006. Both parties agreed to waive the Pa.R.C.P. 1707 hearing and, on July 19, 2006, I heard oral argument. On August 9, 2006, I denied the motion for class certification.

Farina's complaint contains five counts: violation of the Unfair Insurance Practices Act (UIPA), 40 Pa.C.S. §1171 et seq.; breach of contract; fraudulent misrepresentation; breach of duty of good faith and fair dealing; and declaratory relief. Conestoga seeks summary judgment on all of these counts.

Summary judgment is proper when the pleadings, depositions, answers to interrogatories and admissions

on file, together with any affidavits, show that there is no genuine issue as to any material fact and that the moving party is entitled to judgment as a matter of law. Pa.R.C.P. 1035.2; *Kuney v. Benjamin Franklin Clinic,* 751 A.2d 662, 664 (Pa. Super. 2000). "The moving party has the burden of proving that no genuine issue of material fact exists." *Accu-Weather Inc. v. Prospect Communications Inc.,* 435 Pa. Super. 93, 99, 644 A.2d 1251, 1254 (1994). "In summary judgment cases, review of the record must be conducted in the light most favorable to the non-moving party, and all doubts regarding the existence of a genuine issue of material fact must be resolved against the moving party." *Young v. PennDOT,* 560 Pa. 373, 376, 744 A.2d 1276, 1277 (2000).

## 1. COUNT I—VIOLATION OF THE UNFAIR INSURANCE PRACTICES ACT

In seeking summary judgment on Count I of the complaint, Conestoga contends that Farina does not have standing to state a claim under the UIPA. Our Superior Court has held that the insurance commissioner is the proper authority to enforce the UIPA and that the Act does not confer a right of private action. *Kramer v. State Farm Fire and Casualty Insurance Company,* 412 Pa. Super. 227, 603 A.2d 192 (1992); *Hardy v. Pennock Insurance Agency Inc.,* 365 Pa. Super. 206, 529 A.2d 471 (1987).

Farina cites Pennsylvania case law for the proposition that a violation of the Unfair Trade Practices Consumer Protection Law (UTPCPL), 73 P.S. §201-1 et seq., constitutes a violation of the UIPA. I do not believe those cases stand for that proposition. In *Wright v. North American Life Assurance Company,* 372 Pa. Super. 272,

279, 539 A.2d 434, 438 (1988), our Superior Court held that the UIPA does not confer a right of private action but that an insured could pursue claims based on common-law fraud and misrepresentation theories. In *Pekular v. Eich,* 355 Pa. Super. 276, 282-83, 513 A.2d 427, 430 (1986), our Superior Court held that: the UIPA vests the insurance commissioner with the power to investigate specifically defined acts and practices of insurers; the UIPA is not the exclusive means by which an insured can address an insurer's unfair or deceptive acts; and an insured may maintain a private cause of action under the UTPCPL.

In Count I of his complaint, Farina has identified a claim under the UIPA and avers that he is entitled to relief under that Act because Conestoga's violations of that Act constitute violations of the UTPCPL. In contending that Conestoga is not entitled to summary judgment on this claim, he has cited case law which he asserts supports the position that a violation of the UTPCPL is a violation of the UIPA. That is, A (a violation of the UIPA) leads to B (a violation of the UTPCPL), and B leads to A. It appears that he is alleging that Conestoga has violated both Acts and that claims under the two Acts are interchangeable. That is not the law in our Commonwealth.

In *Kramer* and *Hardy,* our Superior Court has held that the UIPA does not confer the right of a private action. In *Wright* and *Pekular,* it held similarly and also that an insured can pursue a claim of unfair or deceptive acts under common-law fraud theories or under the UTPCPL. Farina has pled a cause of action under the UIPA, and, accordingly, Conestoga is entitled to summary judgment on that count.

## 2. COUNT II—BREACH OF CONTRACT

In seeking summary judgment on Count II of the complaint, Conestoga contends that the existence of the septic tank did not cause a defective title; it did not have a duty to search municipal records; and, therefore, it did not breach the insurance contract.

Farina contends that: (1) the existence of the septic tank caused a defect in the marketability of the title to his property; (2) because the title insurance policy required Conestoga to research all records that could affect the marketability of the title, Conestoga breached the contract when it failed to research municipal records regarding septic tanks; (3) the existence of the septic tank negatively impacts the marketability of the title; and (4) Conestoga's denial of his policy claim constitutes a breach of contract.

Title insurance protects a buyer from loss occurring from defects in the title of the property he acquires. *Hicks v. Saboe,* 521 Pa. 380, 384, 555 A.2d 1241, 1243 (1989). "A contract of title insurance is an agreement to indemnify against loss through defects of title." *Trigiani v. American Title Insurance Company,* 392 Pa. Super. 427, 430, 573 A.2d 230, 231 (1990) (quoting S*attler v. Philadelphia Title Insurance Company,* 192 Pa. Super. 337, 342, 162 A.2d 22, 24 (1960)).

Conestoga's title insurance policy insures against loss or damage sustained or incurred by the insured by reason of: (1) title to the estate or interest vested other than as stated; (2) any defect in or lien or encumbrance on the title; (3) the lack of a right of access to and from the land; and (4) the unmarketability of the title. While the existence of the septic tank may be considered a physical defect and

may diminish the value of the property, I do not believe it has an impact on the marketability of the title. In addition, there is no evidence that Farina has been denied access to and from his land because of the septic tank, and there is no evidence that the existence of the septic tank has created a lien or encumbrance on the title.

Farina has not presented any Pennsylvania case law authority for the proposition that a physical defect, such as the septic tank on his property, constitutes a defect in or a lien or encumbrance on the title to his property or that such a defect impacts the marketability of that title. He notes correctly that *Bortz v. Noon,* 698 A.2d 1311, 1319 (Pa. Super. 1997), addressed an on-site sewage disposal system and a title insurance company's duties. However, he failed to note that it involved allegations of fraudulent misrepresentation by the company that the disposal system passed a dye test. Those are not the facts in Farina's case, and *Bortz* is, therefore, not authority for his position in the breach of contract claim.

Similarly, *Anderson v. Harper,* 424 Pa. Super. 161, 622 A.2d 319 (1993), also relied on by Farina, although it involved a septic system, involved a certification that the system was functional when it was not. Furthermore, it did not involve a title insurance company. It is also not authority for his position on the breach of contract claim.

If the existence of a septic tank is to be considered a defect to the title of real property, I believe our appellate courts must so decide. I will not do so.

As to Farina's contention that Conestoga breached the contract because it failed to search the municipal records which would have revealed the existence of the septic tank, with my holding that the existence of the septic tank is not a title defect, there was no duty to search for

evidence of the tank. Accordingly, Conestoga is entitled to summary judgment on this count.

### 3. COUNT III—FRAUDULENT MISREPRESENTATION

In seeking summary judgment on Count III of the complaint, Conestoga contends that: it only represented that it would search records pertaining to the title of Farina's property; it never represented that it would search records pertaining to the value of the property or the existence of any physical defects on the property; and, because it had no duty to search municipal records regarding septic tanks, it did not do so, and, therefore, could not have concealed information that it did not possess.

Farina contends that Conestoga: fraudulently misrepresented it would search municipal records which would have revealed the existence of the septic tank; through its title insurance policy and marketing, represented that it would search all municipal records; and failed to provide the services it represented it would provide when it denied his policy claim.

Fraudulent misrepresentation occurs when there is an intentional concealment intended to deceive. *Wilson v. Donegal Mutual Insurance Company*, 410 Pa. Super. 31, 41, 598 A.2d 1310, 1315 (1991). Fraudulent misrepresentation requires that: (1) the defendant made a representation; (2) the representation was material to the subject transaction; (3) the defendant made the representation with knowledge that it was false or reckless as to its veracity; (4) the defendant made the representation with the intent of misleading the plaintiff into relying on the representation; (5) the plaintiff justifiably relied on

the misrepresentation; and (6) the resulting injury was proximately caused by the reliance. *Bortz v. Noon,* 556 Pa. 489, 499, 729 A.2d 555, 560 (1999).

I agree with Conestoga's contentions. First, Farina inaccurately states that Conestoga represented that it would search all municipal records. Conestoga's policy and literature represents that it will search all records, including municipal records, *which affect real estate ownership and title to real estate.* Our Supreme Court, in *Moser v. DeSetta,* 527 Pa. 157, 163, 589 A.2d 679, 682 (1991), held that the concealment must be of a material fact. Because I have already held that the existence of the septic tank does not create a defect to the title, discovery of the tank, was not material to the subject transaction, *i.e.,* Conestoga's providing insurance that good title was conveyed. Conestoga had no knowledge of the septic tank, and, therefore, could not have concealed or misrepresented its existence. Conestoga is entitled to summary judgment on this count.

## 4. COUNT IV—BREACH OF GOOD FAITH AND FAIR DEALING

In seeking summary judgment on Count IV of the complaint, Conestoga contends that Pennsylvania does not recognize a separate cause of action for breach of the duty of good faith and fair dealing.

Farina contends that: Conestoga breached its duty of good faith and fair dealing by failing to search all municipal records which could affect the marketability of the title, failing to collect all materials at settlement as mandated by law and failing to honor his insurance claim; Conestoga represented it would do the aforementioned and, by not doing so, narrowed the coverage of the title

insurance policy; and Conestoga failed to enumerate all matters it intended to exclude from coverage.

Every contract imposes on each party a duty of good faith and fair dealing in its performance and its enforcement. Restatement (Second) of Contracts §205. In *Baker v. Lafayette College,* 350 Pa. Super. 68, 84, 504 A.2d 247, 255 (1986), our Superior Court expressly adopted this section of the Restatement. However, this duty is not separate from the express duties that the contract imposes on the parties. *John B. Conomos Inc. v. Sun Company Inc.,* 831 A.2d 696, 706-707 (Pa. Super. 2003).

Farina cites *Somers v. Somers,* 418 Pa. Super. 131, 613 A.2d 1211 (1992), to support his contention that Pennsylvania allows a separate cause of action for breach of the duty of good faith and fair dealing. However, *Somers* held only that Pennsylvania has adopted the general duty of good faith and fair dealing in the performance of a contract and that a party may bring a claim for breach of contract for a breach of that duty. *Id.* I believe that these cases established that a claim for a breach of the duty of good faith and fair dealing must be asserted within a claim for the breach of contract. Conestoga is entitled to summary judgment on this count.

## 5. COUNT V—DECLARATORY RELIEF

In seeking summary judgment on Count V of the complaint, Conestoga contends that: (1) declaratory relief is improper; (2) Farina is unable to offer facts demonstrating that Conestoga failed to perform all of its legal and contractual obligations; (3) more appropriate remedies are available; and (4) Farina is not entitled to declaratory relief.

558

Farina contends that Conestoga did not perform all of its legal and contractual obligations. He requests that I grant declaratory relief and require Conestoga to honor Farina's claim.

Declaratory judgments are not obtainable as a matter of right. *Osram Sylvania Products Inc. v. Comsup Commodities Inc.,* 845 A.2d 846, 848 (Pa. Super. 2004). Instead, whether a court should exercise jurisdiction over a declaratory judgment is a matter of sound judicial discretion. *American Nuclear Insurers v. Metropolitan Edison Company,* 399 Pa. Super. 375, 379, 582 A.2d 390, 392 (1990). Because I have already held that Farina is not entitled to relief on any of his causes of action, I believe declaratory judgment is inappropriate, and I will not grant it.

Accordingly, I enter the following:

## ORDER

For the reasons stated in the foregoing opinion, the defendant's motion for summary judgment is granted. Judgment is entered in favor of the defendant and against the plaintiff on all of the counts of the complaint.