**Vasiluks v. Volkswagen Group of America, Inc.**

*Robert Rapkin,* for plaintiff.
*Robert Schatz,* for defendant.

MINORA, *P.J.,* April 28, 2011— I. INTRODUCTION

Currently before this court are the preliminary objections of the defendant, Volkswagen Group of America, Inc. (hereinafter "VW"), to count I of plaintiff's complaint purporting to state a cause of action pursuant to the Pennsylvania Automobile Lemon Law. (73 P.S. § 1951 et. seq.)

By way of background, this matter arises out of plaintiff's purchase of a new 2008 Volkswagen Jetta which allegedly suffered from the following defects during the first twelve (12) months and/or twelve thousand (12,000) miles: (a) faulty fuel pump which continues to run even when key is out of the ignition; (b) vehicle will not start; (c) faulty electrical system; and (d) oil leak.

Plaintiff filed a complaint on or about May 4, 2010 alleging a cause of action in count I under the Pennsylvania Automobile Lemon Law, 73 P.S. § 1951 et. seq. Plaintiff also alleged in count II a violation of the Magnuson Moss Warranty Improvement Act specifically 15 U.S.C. §2310 (d)(2) as well as a cause of action in count III under the Pennsylvania Unfair Trade Practices and Consumer

Protection Act, 73 P.S. § 201-1 et. seq.

Defendant's preliminary objections only deal with plaintiff's claims per count I under the Pennsylvania Automobile Lemon Law, 73 P.S. § 1951 et. seq.

Defendant's preliminary objections are two-fold. First, defendant claims that count I of plaintiff's complaint fails to state a cause of action as per Pa. R.C.P. 1028(a)(4) in that plaintiff's complaint fails to allege that the vehicle in question was out of service a cumulative total of thirty (30) or more calendar days within the first year or first twelve thousand (12,000) miles. See 73 P.S. § 1956 and 73 P.S. § 1958.

Second, defendant claims that plaintiff's complaint violates Pa. R.C.P. 1028 (a)(7) in that the plaintiff failed to exercise or exhaust his statutory remedy under 73 P.S. § 1959 and 16 C.F.R. Pt. 703 pertaining to an informal dispute settlement procedure before filing this action.

The parties have fully briefed both issues and the matter of defendant's preliminary objections has been submitted on briefs and is now ripe for disposition.

## II. ISSUE

A. *Should defendant's Demurrer as per Pa. R.C.P. 1028(a)(4) be granted on the basis that plaintiff has failed to allege the pre-requisites of a cause of action under the Pennsylvania Automobile Lemon Law?*

B. *Should defendant's second preliminary objection*

*under Pa. R.C.P. 1028(a)(7) be granted on the basis that plaintiff has failed to exercise or exhaust his statutory remedy under 73 P.S. § 1959 and 16 C.F.R. Pt. 703 pertaining to informal dispute settlement procedure before filing this instant action?*

## III. DISCUSSION

A. *Defendants preliminary objection in the nature of a demurrer per Pa. R.C.P. 1028(a)(4).*

In ruling on preliminary objection in the nature of a demurrer under Pa. R.C.P. 1028(a)(4) certain principles have been longstanding and we reiterate same.

A preliminary objection in the nature of a demurrer is properly granted where the contested pleading is legally insufficient. Preliminary objections in the nature of a demurrer require the court to resolve the issues solely on the basis of the pleadings and no testimony or other evidence outside of the complaint may be considered to dispose of the legal issues presented by the demurrer. All material facts set forth in the pleading and all inferences reasonably deducible therefrom, must be admitted as true. In determining such, we rely on the averments as well as any exhibits or documents attached to the pleading. The impetus of our inquiry is to determine the legal sufficiency of the complaint and to determine whether the pleading would permit recovery if ultimately proven. Since sustaining a preliminary objection in the nature of a demurrer will result in a denial of a claim or a dismissal of

a suit, a demurrer should only be granted where the case is clear and free from doubt. *Cooper v. Frankford Health Care System, Inc.*, 960 A.2d 1229 (Pa. Super. 2008), appeal denied 970 A.2d 431 (Pa. 2009); *Lerner v. Lerner*, 954 A.2d 1229 (Pa. Super. 2008); *Bayada Nurses, Inc. v. Com. Dept. of Labor and Industry*, 607 Pa. 527, 8 A.3d 866 (Pa. 2010); *R.W. v. Manzek*, 888 A.2d 740 (Pa. 2005). (Internal citations omitted).

We accept all allegations in plaintiff's complaint to be true as per the mandates of the above authorities. We note that paragraph 20 of plaintiff's complaint states the following which we must and do accept as true: "In addition, the above vehicle has or will be out-of-service by reason of the non-conformities complained of for a cumulative total of thirty (30) or more calendar days."

We also note that plaintiff pled at paragraph 19 of his complaint that the vehicle had been subject to repair more than three (3) times for the non-conformities complained of and the non-conformities remained uncorrected. (See paragraph 19 of plaintiff's complaint)

Collectively, plaintiff has pled the presumption of a reasonable number of repair attempts if:

(1) the same non-conformity has been subject to repair three (3) times by the manufacturer, its agents or authorized dealers and the non-conformity still exists; or

(2) The vehicle is out-of-service by reason of non-

conformity for a cumulative total of thirty (30) or more calendar days. See 73 P.S. § 1956.

Moreover, plaintiff pled in his complaint that all documentation has not been provided by the defendant and logically could not be attached to his complaint at this time. (See paragraphs 23 and 24 of plaintiff's complaint)

Therefore, the pleading as a whole certainly satisfies the pre-requisites necessary to sustain a cause of action under the Pennsylvania Automobile Lemon Law. 73 P.S. § 1951 et. seq. which states:

Any purchaser of a new motor vehicle who suffers any loss due to non-conformity of such vehicle as a result of the manufacturer's failure to comply with this act may bring a civil action in a court of common pleas and, in addition to other relief, shall be entitled to recover reasonable attorney's fees and all court costs. See 73 P.S. § 1958.

Defendant's mere reliance on the partial document history available to plaintiff at this juncture and attached to plaintiff's complaint is misplaced. First of all the missing documentary history is presumptively under the defendant's possession and control. Trial will yield whether plaintiff has ultimately proven the prerequisites set forth at 73 P.S. § 1956. For now, plaintiff merely needs to plead the salient facts. We must accept the facts as pled in plaintiff's complaint as true including the fact that defendant has in its possession further documentation

which may support plaintiff's claim.

Therefore, at this pleading stage the plaintiff has pled a cause of action in compliance with the elements of the Pennsylvania Automobile Lemon Law (73 P.S. § 1951 et. seq.) and defendants demurrer to count I of plaintiff's complaint will be overruled and dismissed.

B. *Defendant's preliminary objection under Pa. R.C.P. 1028(a)(7) for failure of plaintiff to exercise or exhaust his statutory remedy under 73 P.S. § 1959 and 16 C.F.R. Pt. 703.*

Defendant also claims that plaintiff's complaint should be dismissed for failure to exercise or exhaust a statutory remedy per Pa. R.C.P. 1028(a)(7).

The relevant section of the Pennsylvania Automobile Lemon Law states:

If the manufacturer has established an informal dispute settlement procedure *which complies with the provisions* of 16 C.F.R. Pt. 703, as from time to time amended, the provisions of section 8 (73 P.S. § 1958) shall not apply to any purchaser who has not first resorted to such procedure as it relates to a remedy for defects or conditions affecting the substantial use, value or safety of the vehicle. The informal dispute settlement procedure shall not be binding on the purchaser and, in lieu of such settlement, the purchaser may pursue a remedy under section 8. (73 P.S. § 1958) (emphasis added). 73 P.S. § 1959.

Defendant's cursory reliance on 73 P.S. § 1959 is misplaced. In order to be applicable, the BBB auto line program (a summary of which is attached as exhibit "B" to defendant's brief) must comply with the provisions of 16 C.F.R. Pt. 703. (See 73 P.S. § 1959 quoted in full above) See generally *Wurtz v. American Honda Motor Co., Inc.*, 960 F.Supp. 68 (E.D. Pa. 1997).

We agree with plaintiff that the BBB auto line program is not in compliance with the provisions of 16 C.F.R. Pt. 703. Defendant conveniently fails to address these short comings in its brief.

Under Part 703, VW's arbitration program must be willing to award "any remedies appropriate under the circumstances including repair, replacement, refund, reimbursement for expenses, compensation for damages, *and any other remedies available under the act.*" See 16 C.F.R. Pt. 703.5(d)(1). (emphasis added)

Yet VW's BBB Auto Line Program prohibits a claimant from seeking compensation for attorneys' fees, damages for allegations of violations of other law and punitive damages. Additionally, under the Lemon Law, a consumer is entitled to attorneys' fees, as well as treble damages under the Pennsylvania unfair trade practices and consumer protection law. See 73 P.S. § 1958 and 73 P.S. § 1961.

Since the VW's BBB Auto Line Program does not entitle the plaintiff to all remedies he is entitled to under

the Pennsylvania Lemon Law, the VW's BBB Auto Line Program does not comply with 73 P.S. § 1958.[1]

In our case, the VW BBB Auto Line Program omits consideration of the full range of claims and remedies such as breach of implied warranty and statutory claims created by magnuson-moss and likewise omits the award of the full range of damages available under the Pennsylvania Lemon Law and magnuson-moss including attorneys' fees and punitive damages (i.e. treble damages).

Therefore, we agree that defendant's reliance on this non-complaint BBB Auto Line Program is misplaced and its second preliminary objection under Pa. R.C.P. 1028(a)(7) will be overruled and dismissed.[2]

An appropriate order follows.

### ORDER

And now, April 28, 2011, upon due consideration of defendant's preliminary objections and the able arguments of counsel and in accordance with the foregoing memorandum, it is hereby ordered and decreed

---

1. In a case which is analogous, persuasive although not controlling, a federal court found that VW's BBB Auto Line Program did not qualify as an informal dispute resolution procedure under Arizona's version of our automobile lemon law, *Muller v. Winnebago Industries, Inc.*, 318 F.Supp.2d 844 (Dist. Ct. AZ 2004).

2. By way of dicta, we note that 73 P.S. § 1959 is not binding on the purchaser and if a settlement is not reached, the purchaser may still pursue a remedy in court under 73 P.S. § 1958. Rather than totally dismiss plaintiff's claim, a less harsh remedy would be to stay a court action and give the parties a chance to utilize an informal settlement procedure that was complaint with 73 P.S. § 1959 with the option of pursuing their claim under 73 P.S. § 1958 if satisfactory settlement is not achieved under a fully compliant arbitration program.

that defendant's preliminary objections under Pa. R.C.P. 1028(a)(4) and Pa. R.C.P. 1028(a)(7) are both overruled and dismissed.

Defendant is ordered to file an answer to plaintiff's complaint on the merits within twenty (20) days of this order.