[J-117-2016] [MO: Wecht, J.]

**IN THE SUPREME COURT OF PENNSYLVANIA
MIDDLE DISTRICT**

| | | |
|---|---|---|
| LYNN J. HANAWAY AND CONNIE HANAWAY, | : | No. 55 MAP 2016 |
| | : | |
| | : | Appeal from the Order of the Superior |
| Appellees | : | Court at No. 2564 EDA 2014, dated |
| | : | December 15, 2015, affirming in part |
| | : | and reversing in part the judgment of |
| v. | : | the Chester County Court of Common |
| | : | Pleas at No. 2011-01522, dated August |
| | : | 14, 2014, and remanding. |
| THE PARKESBURG GROUP, LP; PARKE | : | |
| MANSION PARTNERS, LP; SADSBURY | : | ARGUED: December 6, 2016 |
| ASSOCIATES, LP; PARKE MANSION, | : | |
| LLC; AND T.R. WHITE, INC., | : | |
| | : | |
| Appellants | : | |

**DISSENTING OPINION**

**JUSTICE MUNDY**                    **DECIDED: August 22, 2017**

I dissent as I would conclude that the implied covenant of good faith and fair dealing applies to limited partnerships formed pursuant to Pennsylvania's Revised Uniform Limited Partnership Act (PRULPA), 15 Pa.C.S. §§ 8501-8594 (repealed 2016).

"Every contract imposes upon each party a duty of good faith and fair dealing in its performance and its enforcement." RESTATEMENT (SECOND) OF CONTRACTS § 205.[1]

---

[1] *Accord Fraser v. Nationwide Mut. Ins. Co.*, 135 F. Supp.2d 623, 643 (E.D. Pa. 2001) (determining "[u]nder Pennsylvania Law, a covenant of good faith and fair dealing is implied in every contract. However, it does not create a cause of action in every case") (citations omitted), *vacated in part on other grounds*, 352 F.3d 107 (3d Cir. 2003); *Murphy v. Duquesne Univ. of the Holy Ghost*, 777 A.2d 418, 434 (Pa. 2001); *Bethlehem Steel Corp. v. Litton Indus., Inc.*, 488 A.2d 581, 600 (Pa. 1985) (Zappala, J., Op. in Support of Reversal); *Atl. Richfield Co. v. Razumic*, 390 A.2d 736, 742 n.7a (Pa. 1978); *Frickert v. Deiter Bros. Fuel Co.*, 347 A.2d 701, 705 (Pa. 1975) (Pomeroy, J., concurring); *Herzog v. Herzog*, 887 A.2d 313, 317 (Pa. Super. 2005); *John B.* (continued…)

"A limited partnership is a creature of both statute and contract." UNIF. LTD. P'SHIPS ACT § 105 cmt. (2001) (quoting *Cantor Fitzgerald, L.P. v. Cantor*, 2001 WL 1456494, at *5 (Del. Ch. Nov. 5, 2001)). As such, a limited partnership agreement defines the parties' rights and responsibilities, and PRULPA supplies default provisions where the agreement is silent. *See Cantor*, 2001 WL 1456494, at *5. Neither the Parkesburg limited partnership agreement nor PRULPA eliminated the default contract principle that every contract imposes a duty of good faith and fair dealing on the parties. Therefore, I would conclude that the implied covenant of good faith and fair dealing applies to all limited partnership agreements formed in Pennsylvania.

I do not agree with the Majority's conclusion the general partner in a limited partnership agreement formed under the previous version of PRULPA was permitted to exercise its contractually-based discretion in bad faith, and the Hanaways had no recourse in a breach of contract claim. *See* Majority Op. at 17 ("Neither PRULPA nor the Parkesburg limited partnership agreement contained any restrictions on the ability of the general partner to carry out its obligations"). The Majority provides three reasons for its conclusion that the implied covenant of good faith and fair dealing did not apply to the Parkesburg limited partnership agreement: "PRULPA's silence with respect to the duty of good faith and fair dealing, the fact that PRULPA expressly provided parties with contractual freedom, and the clear terms of the Parkesburg limited partnership agreement[.]" *Id.* Essentially, the Majority's view is that unless PRULPA or the Parkesburg limited partnership agreement specifically incorporated the covenant of good faith and fair dealing, it did not exist as a matter of law.

___

(…continued)
*Conomos, Inc. v. Sun Co., Inc.*, 831 A.2d 696, 705-06 (Pa. Super. 2003); *Baker v. Lafayette Coll.*, 504 A.2d 247, 255 (Pa. Super. 1986).

I would conclude that the duty of good faith and fair dealing in performance and enforcement is implied in every contract by common law, unless a statute or the parties' agreement specifically abridges it. In my view, PRULPA's silence as to the duty of good faith and fair dealing was not sufficient to eliminate it. As stated in Section 205 of the Restatement (Second) of Contracts, the duty is imposed on every contract. PRULPA's silence did not alter this obligation. Accordingly, I would read the "freedom of contract" provision previously contained in 15 Pa.C.S. § 8520 (repealed in 2016), as permitting the parties to eliminate the obligation of good faith and fair dealing in whole or in part through specific language in their partnership agreement. This interpretation is supported by the General Assembly's amendment of PRULPA through the enactment of Section 8615 and the repeal of Section 8520. Specifically, Section 8615(c)(11) states that a partnership agreement cannot alter the contractual obligation of good faith and fair dealing, and the comment to Section 8615(c)(11) provides that it "refer[s] to the 'contractual obligation of good faith and fair dealing,' which contract law implies in every contract." 15 Pa.C.S. § 8615 cmt. The General Assembly did not state that it was creating or imposing a new obligation of good faith and fair dealing that did not previously exist in limited partnership agreements. *Id.* Instead, Section 8615(c)(11) precludes the parties from eliminating the obligation of good faith and fair dealing that contract law implies in every contract, either in whole or in part, which Section 8520 had previously permitted.[2] *Id.*

---

[2] The principle that "[w]e cannot discern the legislative intent of the General Assembly that passed the relevant, prior version of the [] statute by examining the intent of the General Assembly that amended that statute" articulated in *Commonwealth v. Lynn*, 114 A.3d 796, 827 (Pa. 2015), among other cases, does not undermine this analysis. The discussion of the amended statute, Section 8615, is not to discern the intent of the General Assembly that enacted Section 8520. Instead, Section 8615 is consistent with my interpretation of the obligation of good faith and fair dealing as a common law principle that applies to every contract, regardless of its inclusion in a statute.

Likewise, the terms of the Parkesburg limited partnership agreement did not eliminate the contractual obligation of good faith and fair dealing in whole or in part. The Parkesburg limited partnership agreement does not refer to the duty of good faith and fair dealing at all, let alone specify that the parties agreed to eliminate it in whole or in part. Although the limited partnership agreement gave Parkesburg "full, exclusive and complete discretion in the management and control of the business of the Partnership," and the "right, upon such terms and conditions as it, in its sole and absolute discretion, may deem advisable . . . to cause the Partnership . . . to execute and deliver any contract amendment, supplement or other document relating to the Business[,]" Parkesburg LPA ¶¶ 6.2, 6.5, these provisions did not eliminate the obligation of good faith and fair dealing that contract law implies in every contract. Therefore, I would conclude that the obligation of good faith and fair dealing was implied in the limited partnership agreement as a matter of law. Based on this conclusion, I would reach the subsidiary issue this Court granted allowance of appeal to resolve: whether the implied covenant of good faith and fair dealing may impose duties that are inconsistent with the duties imposed by the express terms of a limited partnership agreement.

The contractual obligation of good faith is defined by the Restatement (Second) of Contracts: "Good faith performance or enforcement of a contract emphasizes faithfulness to an agreed common purpose and consistency with the justified expectations of the other party; it excludes a variety of types of conduct characterized as involving 'bad faith' because they violate community standards of decency, fairness or reasonableness." RESTATEMENT (SECOND) CONTRACTS § 205 cmt. a. Further, "[w]hen exercising a discretionary right, a party to the contract must exercise its discretion reasonably." *Gerber v. Enter. Prods. Holdings, LLC*, 67 A.3d 400, 419 (Del. 2013)

(emphasis omitted) (quoting *ASB Allegiance Real Estate Fund v. Scion Breckenridge Managing Member, LLC*, 50 A.3d 434, 441 (Del. Ch. 2012), *rev'd in part on other grounds*, 68 A.3d 665, (Del. 2013)), *overruled on other grounds*, *Winshall v. Viacom Int'l, Inc.*, 76 A.3d 808 (Del. 2013); *accord* UNIF. LTD. P'SHIPS ACT § 409 cmt. Subsection (d) (2001). "An implied covenant claim . . . [asks] what the parties would have agreed to themselves had they considered the issue in their original bargaining positions at the time of contracting." *Gerber*, 67 A.3d at 418 (quoting *ASB Alliance*, 50 A.3d at 440). "In sum, the purpose of the contractual obligation of good faith and fair dealing is to protect the arrangement the partners have chosen for themselves, not to restructure that arrangement under the guise of safeguarding it." UNIF. LTD. P'SHIPS ACT § 409 cmt. Subsection (d) (2001).[3]

In this case, the implied obligation of good faith and fair dealing does not add any duties that are inconsistent with the express terms of the Parkesburg limited partnership agreement. It simply requires Parkesburg, as the general partner, to exercise its discretion in the management of partnership assets in good faith and with fair dealing. I would conclude that the parties at the time of forming the limited partnership agreement for the purpose of "Real Estate investment and development" would have agreed that the general partner must exercise its full, exclusive, and complete discretion to manage the business of the partnership in good faith. It is illogical to conclude that, had the limited partners considered this issue at the time of forming the limited partnership, the

---

[3] The contractual obligation of good faith and fair dealing is distinct from fiduciary duties that a general partner may owe to limited partners. *See Gerber*, 67 A.3d at 418-19; UNIF. LTD. P'SHIPS ACT § 409 cmt. Subsection (d) (2001) (explaining "the contractual obligation of good faith and fair dealing has nothing to do with the 'utmost good faith' sometimes used to describe the fiduciary duties that owners of closely held businesses owe each other") (citation omitted). Thus, the Hanaways could pursue a remedy for the breach of a contractual obligation separately from their time-barred breach of fiduciary duty claims.

limited partners would have authorized Parkesburg, as the general partner, to exercise its discretion in bad faith to the detriment of either the Partnership or the limited partners. Therefore, I would conclude the implied obligation of good faith is not inconsistent with the express terms of the limited partnership agreement.

Accordingly, I would affirm the order of the Superior Court.

Justice Baer joins this dissenting opinion.