LSI TITLE AGENCY, INC.
f/k/a Lender's Service,
Inc., Appellee

v.

EVALUATION SERVICES,
INC., Appellant.

Superior Court of Pennsylvania.

Argued March 18, 2008.
Filed June 6, 2008.

Jeffrey T. Olup, Charleroi, for appellant.

David W. Marston, Jr., Philadelphia, for appellee.

BEFORE: BENDER, BOWES and TAMILIA, JJ.

OPINION BY BENDER, J.:

¶ 1 Evaluation Services, Inc. (ESI) appeals from the order, dated April 9, 2007, and entered April 11, 2007, that granted the motion for judgment on the pleadings filed by LSI Title Agency, Inc. f/k/a Lender's Service, Inc. (LSI). In the same order, the court precluded ESI from litigating and/or continuing its breach of contract claim before the American Arbitration Association and denied ESI's motion for judgment directing arbitration. For the reasons that follow, we affirm.

¶ 2 This case has an extensive history that is related by this Court in an earlier decision. *See Evaluation Servs., Inc. v. Lender's Serv. Inc.*, No. 1713 WDA 2006, 943 A.2d 326 and 1994 WDA 2006, 943 A.2d 329, unpublished memorandum (Pa.Super. filed October 1, 2007) (prior action or *ESI v. LSI I* ).[1] Our Court in the prior action affirmed the grant of summary judgment in favor of LSI. Based on this Court's earlier memorandum and our own review of the record, we provide background information and summarize that portion of the history of this case that relates to the present action.

¶ 3 On September 30, 1997, the parties entered into several agreements, namely, a Software Purchase Agreement (SPA), a Software License Agreement (SLA), and a Consultant Agreement (CA), that together: (1) facilitated the purchase by LSI of all rights, title and interest in software used to value real estate, (2) granted ESI a license to use the software in Colorado only, and (3) provided LSI with certain services by employees of ESI to aid in the implementation and use of the software. In addition to the purchase price, the SPA also provided for LSI to pay ESI royalties based upon a percentage of LSI's earn-

---

1. We rely on *ESI v. LSI I* due to its relevance under the law of the case doctrine. *See* IOP 65.37.

ings. All three agreements were amended a number of times.

[O]n January 2, 2002, [ESI] advised [LSI] that it failed to perform in accordance with the terms of the existing agreements and requested compensation. Following negotiations, on November 12, 2002, the parties entered into a settlement and release agreement (release agreement), and [ESI] agreed to release and discharge [LSI] from any and all claims pertaining to royalties and the "valuations" prior to the execution of the release. In return, [LSI] agreed to increase [ESI's] royalty rate, guaranteeing $50,000 per year for the next seven years.

The record does not disclose any communication between the parties following the execution of the release agreement. On November 8, 2004, [ESI] filed a praecipe for Writ of Summons. [ESI] thereafter filed a five count complaint on April 7, 2005. In their complaint, [ESI] asserted that the release agreement was invalid because [LSI] induced them to sign it by means of fraudulent misrepresentations. On May 1, 2006, by the consent of [ESI], the trial court issued an order discontinuing counts III, IV and V of their complaint.[2] Accordingly, only counts I and II of [ESI's] complaint proceeded to resolution on summary judgment.

*ESI v. LSI I* at 5–6. On August 7, 2006, the trial court granted LSI's motion for summary judgment and this Court affirmed that decision on October 1, 2007. *Id.*

¶ 4 On October 18, 2006, counsel for ESI sent a letter to the American Arbitration Association (AAA), indicating that the CA entered into by the parties and two amendments to the CA provide for arbitra-

tion and that having received no response to its September 12, 2006 letter to counsel for LSI, ESI was "now request[ing] that the American Arbitration Association initiate the process through which an arbitrator will be appointed for the claim initiated by [ESI]." ESI's Letter, 10/18/06. By letter, dated October 23, 2006, LSI's counsel replied to ESI, stating:

We received your letter of September 12, 2006 in which you purport to request arbitration with respect to [ESI's] "claim for breach of the Second Amendment to Consultant Agreement due to [LSI's] failure to timely deliver release of the Non–Compete." This claim was previously asserted in the Complaint that [ESI] filed in the Pennsylvania Court of Common Pleas of Allegheny County on April 7, 2005. Specifically, Count IV of the Complaint asserts that LSI breached the implied covenant of good faith and fair dealing by:

failing to waive, in a timely manner, the covenants against competition contained in the Software Purchase Agreement dated September 30, 1997, as provided for in the Second Amendment to Consulting Agreement executed on November 12, 2002.

At the conciliation before Judge Scanlon on May 1, 2006, the Court—by consent of [ESI]—dismissed Count IV *with prejudice.* Therefore, [ESI is] barred from reasserting this claim against LSI. If [ESI] persist[s] in seeking arbitration with respect to this claim, LSI will take appropriate action in response thereto.

LSI's Letter, 10/23/06 (emphasis in original).

¶ 5 By letter, dated October 30, 2006, ESI's counsel informed the AAA that its October 18th letter was not a formal de-

---

**2.** The May 1, 2006 order stated that "[b]y consent of [ESI], Counts III, IV, and V of the Complaint are Discontinued with Prejudice." Order, 5/1/06.

mand for arbitration, but rather was a request for advice "as to how to proceed" and that if a case number had been assigned it should be voided. ESI's Letter, 10/30/06. Thereafter, the AAA closed the matter, but on November 21, 2006, ESI again corresponded with the AAA and formally demanded that arbitration be initiated against LSI. ESI's Letter to AAA, 11/21/06. Also, on November 21, 2006, ESI sent a letter to LSI's attorney stating:

> Please note that pursuant to the Commercial Arbitration Rules of the American Arbitration Association, specifically, R–4, my client, Evaluation Services, Inc., demands arbitration on its claim for breach of the Second Amendment to Consultant Agreement due to Lender's Service, Inc.'s failure to timely deliver release of the non-compete. The damages sought in this dispute are $216,000, together with interest. The locale requested is Pittsburgh, PA. The responding party is Lender's Service, Inc.

ESI's Letter to LSI, 11/21/06.

¶ 6 LSI responded to ESI's November 21, 2006 letter, again asserting that the claim ESI was attempting to submit to arbitration was the same as the claim that ESI agreed to withdraw with prejudice during the pre-trial conciliation before Judge Scanlon and as memorialized by the May 1, 2006 court order. In LSI's letter, dated December 1, 2006, to ESI's attorney, LSI's attorney stated:

> The claim that you are attempting to arbitrate is in fact the same claim that ESI asserted in the Complaint in state court and subsequently dismissed with prejudice. Paragraph 73(c) of the Complaint alleged that LSI breached the Consultant Agreement by "failing to waive, in a timely manner, the covenants against competition. . . ." The fact that you included this claim as part of Count IV for breach of the implied covenant of good faith and fair dealing does not change anything. A claim for breach of the implied covenant of good faith and fair dealing is a claim for breach of contract. Even if that were not the case, you are precluded from asserting such a claim by the doctrine of merger/bar. *See Day v. Volkswagenwerk Aktiengesellschaft,* [318 Pa.Super. 225] 464 A.2d 1313, 1316 (Pa.Super.1983) ("a party is commonly forbidden to raise issues that could have been litigated in the first suit but were not . . .").

LSI's Letter, 12/1/06.

¶ 7 Receiving no response to its December 1, 2006 letter, LSI filed a complaint on December 14, 2006, seeking "a declaratory judgment that [ESI] cannot re-litigate in arbitration a claim that was previously dismissed with prejudice. . . ." LSI's Complaint, ¶ 1. Numerous pleadings and supporting briefs were filed by both parties, including LSI's "motion for judgment on the pleadings or, in the alternative, summary judgment" and ESI's "cross-motion for judgment on the pleadings or, alternatively, motion for summary judgment." On April 9, 2007, the order granting LSI's motion for judgment on the pleadings and denying ESI's motion was filed and the present appeal ensued. On May 9, 2007, the trial court ordered ESI to file a concise statement of matters complained of on appeal pursuant to Pa.R.A.P.1925(b). ESI's Rule 1925(b) statement was timely filed on May 21, 2007.

¶ 8 On appeal, ESI raises the following issues for our review:

1. Whether ESI's Statement of Matters Complained of on Appeal is so vague or overly broad so to preclude meaningful review of the issues on appeal.

2. Whether the trial court erred in granting [LSI's] Motion for Judgment on the Pleadings.

3. Whether the lower Court erred in its conclusion that [ESI] is precluded from litigating before the [AAA] its breach of contract claim that LSI failed to timely deliver a release from a non-compete clause and concluding that said claim was previously dismissed with prejudice by the Court.

4. Whether the trial court erred in its conclusion that ESI is prohibited from continuing the arbitration proceeding initiated before the AAA, and in ordering ESI to immediately terminate that proceeding.

5. Whether the trial court erred in denying ESI's Motion for Judgment on the Pleadings or for Summary Judgment.

ESI's brief at 4.

■ ¶ 9 To begin, we note that the trial court found ESI's 22–paragraph Rule 1925 statement to be "far from concise and replete with argument" and ESI's answer to LSI's complaint to be "as prolix and ultimately uninformative as its [s]tatement." Trial Court Opinion (T.C.O.), 6/25/07, at 1. Consequently, the trial court suggested that ESI's appeal should be dismissed "for failure to state concisely and with clarity the issues it intends to raise on appeal." *Id.* at 2. However, despite these deficiencies, the court also indicated that it compared Count IV of ESI's complaint in the prior action with the issue ESI seeks to arbitrate in the present action and concluded that ESI should be "barred from re-litigating any part of its dispute with [LSI] in *any* forum, including arbitration, because [ESI] had previously caused the claims it now seeks to arbitrate to be *dismissed with prejudice* by this Court." *Id.* at 2–3 (emphasis in original).

¶ 10 On appeal, ESI first contends that its Rule 1925(b) statement is neither vague nor overly broad, and that its detailed

statement was necessary to respond to all the issues raised by LSI in its "dispositive Motion" and "those presented by counsel and ostensibly considered by the lower Court at the time of argument...." ESI's brief at 21. Specifically, ESI asserts that even if its Rule 1925(b) statement "is longer than the lower Court may have preferred [, the statement] does not amount to a waiver of the issues raised therein, or a ground for dismissal of this appeal." *Id.* at 24.

¶ 11 Although we agree with the trial court that ESI's Rule 1925(b) statement is not concise and that it contains proscribed argument, we will not deem ESI's issues waived. *See Eiser v. Brown & Williamson Tobacco Corp.*, 595 Pa. 366, 938 A.2d 417, 427–28 (2007) (stating that "the number of issues raised in a Rule 1925(b) statement does not, without more, provide a basis upon which to deny appellate review where an appeal otherwise complies with the mandate of appellate practice"). The *Eiser* decision essentially propounds that a good faith inquiry be made by the trial court to determine "whether the circumstance of the lawsuit at issue suggest[s] there is a lack of good faith involved." *Id.* at 427 n. 16. The trial court here did not indicate that it found a lack of good faith with regard to ESI's presentation of issues in its Rule 1925(b) statement. Thus, we will not deny appellate review.

■ ¶ 12 However, we also note with disapproval ESI's failure to conform its brief to the dictates of Pa.R.A.P. 2119(a) ("The argument shall be divided into as many parts as there are questions to be argued ...." (emphasis added)). Although ESI designated five issues in its "Statement of Issues Involved," its argument section in its brief contains only two designated sections, the second of which has two subsections. *See Forrester v. Hanson*, 901 A.2d 548, 551 n. 2 (Pa.Su-

per.2006) (stating that the failure to divide into appropriate subsections which correspond to the questions raised could result in quashal, but since the ability to review the issues presented was not substantially impaired review proceeded). As in *Forrester*, we will likewise attempt to address the merits of the issue concerning the trial court's determination that ESI should be precluded from litigating its claim before the AAA in light of the dismissal with prejudice of Count IV of ESI's complaint in the prior action.

 ¶ 13 We are mindful that this appeal arises from the order granting LSI's motion for judgment on the pleadings. In reviewing such an order, we do so in accordance with the following:

> Our scope and standard of review in an appeal of an order granting a motion for judgment on the pleadings is well settled: this Court applies the same standard as the trial court and confines its consideration to the pleadings and documents properly attached thereto. We must determine whether the trial court's action respecting the motion for judgment on the pleadings was based on a clear error of law or whether there were facts disclosed by the pleadings which should properly go to the jury. We will affirm the grant of judgment on the pleadings only if the moving party's right to succeed is certain and the case is so free from doubt that trial would clearly be a fruitless exercise.

*Plasticert, Inc. v. Westfield Ins. Co.*, 923 A.2d 489, 492 (Pa.Super.2007) (quoting *DeSantis v. Prothero*, 916 A.2d 671 (Pa.Super.2007)).

 ¶ 14 At the heart of this dispute is whether ESI is attempting under the guise of arbitration to relitigate a claim that it agreed to have dismissed with prejudice in the prior action between these same parties. We begin our review by setting forth the pertinent part of ESI's complaint in the prior action. The exact language of Count IV that is at issue provides:

73. By virtue of the parties' Software Purchase Agreement, the amendments thereto, the Software License Agreements and amendments thereto, as well as the Agreements executed November 12, 2002, there arose a duty on the part of LSI to act in good faith and with fair dealing with regard to its performance of its obligations in favor of ... ESI. Your Plaintiffs aver that LSI has engaged in bad-faith conduct throughout the course of the respective parties' contractual obligations and course of dealing in the following respects:

...

c. In *failing to waive*, in a timely manner, the *covenants against competition* contained in the Software Purchase Agreement dated September 30, 1997, *as provided for in the Second Amendment to Consulting Agreement* executed on November 12, 2002.

ESI's Complaint, Count IV ¶ 73. c. (filed in prior action) (emphasis added). We also reiterate the pertinent language contained in ESI's November 21, 2006 letter to the AAA, which contains the following:

> Please note that pursuant to the Commercial Arbitration Rules of the American Arbitration Association, specifically, R–4, my client, Evaluation Services, Inc., *demands arbitration on its claim for breach of the Second Amendment to Consultant Agreement due to Lender's Service, Inc.'s failure to timely deliver release of the non-compete.*

ESI's Letter to LSI, 11/21/06 (emphasis added).

¶ 15 ESI begins its first argument referencing the doctrines of res judicata and collateral estoppel, contending that neither prevents it from asserting an arbitration claim against LSI for breach of the second amendment to the CA. It cites these doctrines to counter LSI's reliance on ESI's pretrial statement, its settlement letter, and Mr. Stockton's testimony,[3] all part of the prior action, to illustrate "that there is a lack of identity of issues foreclosing ESI's arbitration claim." ESI's brief at 28. Rather, ESI contends that its claim in the prior action "sets forth a cause of action for breach of an implied covenant of good faith and fair dealing," and "did not assert a claim or cause of action for breach of the Second Amendment to the Consultant Agreement at any time." ESI's brief at 25 (emphasis deleted). It appears that ESI is claiming that its agreement to discontinue Count IV in the prior action only forecloses its ability to claim bad faith against LSI for failure to deliver the release of the non-compete under the second amendment to the CA, but does not foreclose a claim against LSI for its breach of any contractual obligation under the CA. This distinction rests on ESI's belief that it did not assert a breach of contract claim as to the second amendment to the CA in the prior action.

¶ 16 In support of this argument, ESI relies on Pa.R.C.P. 1020(a), which states that "[t]he plaintiff may state in the complaint more than one cause of action cognizable in a civil action against the same defendant. Each cause of action and any special damages related thereto shall be stated in a separate count containing a demand for relief." This reliance is puzzling in that subsection (d) of Rule 1020 provides:

(d) If a transaction or occurrence gives rise to more than one cause of action heretofore asserted in assumpsit and trespass, against the same person, including cause of action in the alternative, they shall be joined in separate counts in the action against any such person. *Failure to join a cause of action as required by this subdivision shall be deemed a waiver of that cause of action as against all parties to the action.*

Pa.R.C.P. 1020(d) (emphasis added).

¶ 17 ESI's apparent explanation to overcome a possible waiver of a cause of action is to plead that the second amendment to the CA required that any claims related to the CA must be submitted to arbitration and that, therefore, it could not have brought its claim for breach of the CA in the prior action. ESI quotes from a letter dated July 11, 2004, written by its former counsel to LSI, wherein potential arbitration was referenced. The letter indicated that "¶ VII of Exhibit A to the Second Amendment to Consultant Agreement contains a mandatory arbitration provision," and that ESI would like to arbitrate. ESI's Letter to LSI, 7/11/04. Although the July 11, 2004 letter specifically addressed the second amendment to the CA asserting that "LSI has refused to execute the releases of the covenants against competition," *id.*, the letter also discussed LSI's alleged breach of an agreement impairing ESI's ability to mitigate damages "caused by LSI's failure to provide access to the LSI model via the internet connection as agreed in the Software Licensing Agreement(s), as well as other damages." *Id.* Rather than supporting ESI's claim that it had not raised the release of the non-compete in the prior action, the July 11, 2004 letter lends support to the impli-

---

**3.** Mr. Stockton is one of the principals of ESI, who gave deposition testimony during the course of the prior action.

cation that it decided to litigate its claims and not arbitrate them.

¶ 18 LSI counters ESI's arguments by first noting that ESI does not dispute that one cannot relitigate in arbitration that which was dismissed with prejudice by a court, citing *Vukmir v. University Anesthesiology and Critical Care Med. Assocs.*, 41 Pa. D. & C.4th 325 (Allegheny Cty. 1999). LSI then disputes ESI's allegations that the claim it wishes to arbitrate is materially different from the one it asserted in the prior action. LSI contends that solely based on the language of the complaint in comparison to the language ESI used to demand arbitration, "[t]he two claims are obviously identical." LSI's brief at 7. LSI further relies on ESI's pretrial statement in the prior action, wherein ESI listed $144,000 (one year's salary for each of ESI's two principals) as the damage amount for LSI's failure to provide the release of the non-compete, which mirrors damages sought by ESI in the arbitration.

¶ 19 LSI relies on *JHE, Inc. v. SEPTA*, 2002 WL 1018941 (Pa.Com.Pl. May 17, 2002), to support its argument that there is no distinction between a claim for breach of the implied covenant of good faith and fair dealing regarding delivery of the non-compete release with a claim for breach of contract of the CA by failing to deliver the release of the non-compete clause. The common pleas court opinion in *JHE* indicates that "[a]lthough there is no Pennsylvania case on this subject, courts in other jurisdictions have found that breach of the covenant of good faith is subsumed in a breach of contract claim." *Id.* at *6. The *JHE* opinion then quotes *McHale v. NuEnergy Group*, 2002 WL 321797 (E.D.Pa. Feb. 27, 2002), finding its analysis insightful:

> This court finds that Pennsylvania law would not recognize a claim for breach of [a] covenant of good faith and fair

dealing as an independent cause of action separate from the breach of contract claim since the actions forming the basis of the breach of contract claim are essentially the same as the actions forming the basis of the bad faith claim. Plaintiffs cite *Somers v. Somers*, 418 Pa.Super. 131, 613 A.2d 1211, 1213 (Pa.Super.Ct.1992), in support of the claim for breach of implied covenant of good faith and fair dealing. However, the majority in *Somers* only stated that the general duty of good faith and fair dealing in the performance of a contract has been adopted in this Commonwealth, and that a party may bring a claim for breach of contract. A breach of such covenant is a breach of contract action, not an independent action for breach of a duty of good faith and fair dealing.

*JHE*, at *6 (quoting *McHale*, at *8). *See also Meyer v. Cuna Mut. Grp.*, 2007 WL 2907276 *14 (W.D.Pa. Sept. 28, 2007) (citing *JHE* and stating "[a] party is generally precluded from maintaining a claim for the breach of the implied duty of good faith and fair dealing separate and distinct from the underlying breach of contract claim").

¶ 20 LSI also counters ESI's argument that it could not have asserted a claim for breach of the second amendment to the CA in the prior action because that claim was subject to an arbitration clause. Rather, LSI argues that the right to enforce an arbitration clause can be waived, citing *Keystone Tech. Group, Inc. v. Kerr Group, Inc.*, 824 A.2d 1223, 1226 (Pa.Super.2003), which states:

> It is well-settled that although "as a matter of public policy, our courts favor the settlement of disputes by arbitration, ... the right to enforce an arbitration clause can be waived." *Goral v. Fox Ridge, Inc.*, 453 Pa.Super. 316, 321, 683 A.2d 931, 933 (1996). Moreover,

"waiver of the right to proceed to arbitration may be expressly stated, or it may be inferred from 'a party's undisputed acts or language so inconsistent with a purpose to stand on the contract provisions as to leave no opportunity for a reasonable inference to the contrary.'" *Id.* (quoting *Samuel J. Marranca Gen. Contracting Co., Inc. v. Amerimar Cherry Hill Assocs. Ltd. P'ship.*, 416 Pa.Super. 45, 610 A.2d 499 (1992)). Finally, "a waiver of a right to proceed to arbitration pursuant to the term of a contract providing for binding arbitration should not be lightly inferred and unless one's conduct has gained him an undue advantage or resulted in prejudice to another he should not be held to have relinquished the right." *Kwalick v. Bosacco*, 329 Pa.Super. 235, 238, 478 A.2d 50, 52 (1984).

Generally it is the defendant who seeks to invoke and enforce an arbitration provision in a contract after having been hailed to the civil courts by the plaintiff. The present case is atypical, therefore, as Keystone is both the plaintiff in action seeking specific performance of the contract at issue and the party that now seeks to compel arbitration thereunder. In *Kwalick,* however, this Court held that: the mere filing of a complaint or an answer without resulting prejudice to the objecting party will not justify a finding of waiver of the right to arbitration. Thus, merely because plaintiff filed his Complaint in Assumpsit[,] he is not automatically deemed to have waived his rights to proceed to binding arbitration as set forth in [the] contract. *Id.* (citations omitted).

¶ 21 Although LSI relies on deposition testimony given by one of ESI's principals in the prior action, wherein the right to arbitration was acknowledged, it is evident that ESI chose to litigate the claim in court. Moreover, the case was litigated to conclusion, *i.e.,* summary judgment was entered in favor of LSI, and was not simply at the early stages of the litigation. Accordingly, ESI by its course of conduct in the prior action waived its right to arbitrate.

¶ 22 Having determined that ESI waived its right to arbitrate, and that the claim for breach of the implied covenant of good faith and fair dealing is subsumed in a breach of contract claim, we conclude that the trial court correctly granted LSI's motion for judgment on the pleadings and denied ESI's cross-motion to direct arbitration. ESI's allegations in Count IV of the prior action, which was dismissed with prejudice, is part of the breach of contract claim ESI attempted to submit to arbitration.

> The doctrine of res judicata holds that an existing final judgment rendered on the merits, without fraud or collusion, is conclusive of causes of action and of facts and issues thereby litigated, and also of those issues that could have been litigated in the first suit but were not, between the parties of the first suit and their privies. *Day v. Volkswagenwerk Aktiengesellschaft,* 318 Pa.Super. 225, 464 A.2d 1313, 1316 (1983).

*Harter v. Reliance Ins. Co.,* 386 Pa.Super. 14, 562 A.2d 330, 335 (1989). ESI could either have demanded arbitration at the outset or brought an inclusive breach of contract cause of action within the scope of its complaint in the prior action. ESI's failure to do either precludes it from further litigating its alleged breach of contract claim.

¶ 23 Order affirmed.