J-S12033-21

**NON-PRECEDENTIAL DECISION - SEE SUPERIOR COURT I.O.P. 65.37**

| | | |
|---|---|---|
| DONTE ROLLINS | : | IN THE SUPERIOR COURT OF |
| | : | PENNSYLVANIA |
| | : | |
| v. | : | |
| | : | |
| | : | |
| | : | |
| NINO TINARI AND AVA ROLLINS | : | |
| | : | |
| | : | No. 1552 EDA 2020 |
| APPEAL OF: DONTE ROLLINS | : | |

Appeal from the Order Entered June 29, 2020
In the Court of Common Pleas of Philadelphia County Civil Division at
No(s):  No. 181202082

BEFORE:  LAZARUS, J., NICHOLS, J., and MUSMANNO, J.

MEMORANDUM BY MUSMANNO, J.:                    Filed: May 20, 2021

Donte Rollins ("Rollins") appeals from the Order granting the Motion for Judgment on the Pleadings filed by Nino Tinari, Esquire ("Attorney Tinari"), and entering Judgment in favor of Attorney Tinari, in this legal malpractice action.  We affirm.

Because the claims in this matter arise from Attorney Tinari's legal representation during Rollins's prior criminal case, we will summarize the relevant history of the criminal litigation.  On December 4, 2007, a jury convicted Rollins of attempted homicide and related felonies, after a shooting that left the victim paralyzed.  Attorney Tinari represented Rollins during the

jury trial.[1] On April 7, 2008, the trial court sentenced Rollins to an aggregate term of 62½ to 125 years in prison. This Court subsequently affirmed Rollins's judgment of sentence, and the Pennsylvania Supreme Court denied allowance of appeal. *See Commonwealth v. Rollins*, 15 A.3d 530 (Pa. Super. 2010) (unpublished memorandum), *appeal denied*, 34 A.3d 829 (Pa. 2011).

This Court previously explained what next transpired in Rollins's criminal case as follows:

> In February 2014, [Rollins] timely filed his first PCRA [P]etition, alleging, *inter alia*, ineffective assistance of trial counsel for failing to present or investigate alibi evidence, including witness testimony, video footage of what appears to be [Rollins] several miles away from the shooting, sales receipts potentially placing him far away from the shooting, and cell phone records indicating multiple calls on his phone at the time of the shooting. After extensive and cooperative joint review, the Commonwealth and the defense agreed[,] in April 2016, that [Rollins] was entitled to a new trial and the return to his pre-trial bail status of house arrest pending the new trial.[FN1 Rollins] and the Commonwealth also stipulated that [Attorney Tinari] would testify he had done no work on the case and that further live witness PCRA testimony was unnecessary. Notwithstanding the agreement and stipulations, the PCRA court inexplicably ordered further hearings and called for testimony from the trial prosecutor, the detective, and [Attorney Tinari,] although neither the prosecutor nor the detective could offer any input on the ineffective assistance of counsel claim and the parties had stipulated to [Attorney Tinari's] testimony. The PCRA court thereafter entered multiple continuances, despite [Rollins's] objections and the Commonwealth's agreement to forego further PCRA proceedings in favor of a new trial.[FN2] On October 24, 2016, the court heard testimony from the prosecutor and detective, who offered no relevant information pertaining to [Rollins's] claim of ineffective assistance of trial counsel. The court ordered post-hearing

---

[1] Ava Rollins ("Ava"), Rollins's mother, retained Attorney Tinari on Rollins's behalf. As set forth *infra*, Ava is not a party to the instant appeal.

briefing, which Rollins filed the same day; and the Commonwealth indicated it would not file a response. On November 14, 2016, the PCRA court denied the [P]etition without any findings of facts or reasons, despite [Rollins's] requests. [Rollins filed a timely appeal and A]pplication for summary relief or, in the alternative, to expedite his appeal, along with the Commonwealth's express agreement to the [A]pplication.

---

[FN1] [Rollins] and the Commonwealth agree the Commonwealth does not submit to a finding of "actual-innocence," but it does endorse a new trial based on the ineffective assistance of trial counsel.

[FN2] In understated terms, the reasons for continuances are befuddling and unacceptable. In June 2016, the court not only refused to make a record of the stipulations at the scheduled hearing[,] but also continued the case to hear from trial counsel, even though [Rollins] had secured trial counsel's presence for the June hearing. In the more egregious instances, the PCRA court scheduled a hearing for late September 2016, but when the parties appeared at the hearing, they learned the PCRA judge was on vacation. When the parties tried to schedule an immediate hearing upon the judge's return, they learned in the courtroom, without notice, that the judge had extended his vacation. When the parties again tried to schedule an immediate hearing, they were informed that the judge had directed staff not to schedule a date earlier than October 24, 2016, approximately six months after the parties had first agreed to a new trial.

---

***Commonwealth v. Rollins***, 159 A.3d 1009 (Pa. Super. 2016) (Judgment Order at 1-3) (footnotes in original; one footnote omitted). This Court granted Rollins's Application for summary relief/expedited appeal, and reversed the PCRA court's Order denying a new trial. ***See id.*** (Judgment Order at 3-4). Additionally, this Court directed the trial court to vacate Rollins's judgment of sentence immediately and to expedite his release. ***See id.***

On December 18, 2018, Rollins and Ava filed a Complaint, asserting claims of legal malpractice and breach of contract. Relevantly, Rollins and Ava alleged as follows:

5. As a result of [Attorney] Tinari's failure to exercise ordinary skill and knowledge that would be expected of an attorney in a serious criminal defense case, [] Rollins was convicted. [] Rollins had been out on bail and was remanded to custody following the verdict of guilt returned by the jury on December 4, 2007. He remained in custody until December 21, 2016—a total period of incarceration of nine years and 17 days.

6. [Rollins was released the day after this Court's Judgment Order, *see id.*] Consistent with then-District Attorney Seth Williams'[s] public statements that [] Rollins appeared to be innocent, the District Attorney's Office declined to pursue a retrial. The case was *nolle prossed*, and [] Rollins'[s] record was expunged.

7. [Attorney] Tinari's failure to exercise ordinary skill and knowledge was the direct and proximate cause of [] Rollins'[s] wrongful incarceration. It was also the proximate cause of his ensuing subsequent legal fees and expenses….

Complaint, 12/18/18, ¶¶ 5-7. Rollins sought "all allowable damages," the costs of the action and attorneys' fees, "and all other relief the [c]ourt considers just and proper." *Id.* at ¶¶ 75, 81.

Attorney Tinari filed Preliminary Objections on January 11, 2019. Regarding the breach of contract cause of action, Attorney Tinari argued that (1) Ava lacked capacity or standing to sue, because she was not Attorney Tinari's client; (2) Rollins lacked capacity or standing to sue, because Rollins did not allege that he was a party to the contract; (3) Rollins failed to attach a copy of the contract; and (4) any damages arising out of a breach of contract claim should be limited to the $2,500.00 Ava originally paid to retain Attorney

Tinari. Regarding the legal malpractice cause of action, Attorney Tinari asserted that (1) he had no duty to Ava, because she was not Attorney Tinari's client; (2) Rollins did not plead sufficient facts to establish a legal malpractice claim; (3) Rollins was not "adjudicated innocent;" and (4) neither the PCRA court nor this Court held that Attorney Tinari was ineffective. Additionally, Attorney Tinari argued that Rollins's claims lacked specificity, and any claim for attorneys' fees should be stricken.

On January 22, 2019, Attorney Tinari filed a Notice of his intention to file a praecipe for entry of a judgment of *non pros* against Rollins and Ava, based on their failure to file a certificate of merit for their professional liability claim.[2] Rollins and Ava filed their Certificate of Merit on February 2, 2019.

On February 4, 2019, Rollins and Ava filed an Amended Complaint. The Amended Complaint specified that Rollins was asserting the legal malpractice cause of action, and Ava was asserting the breach of contract cause of action. Attorney Tinari filed Preliminary Objections in the nature of a demurrer. Attorney Tinari also sought dismissal for insufficient specificity, and requested that any claim for attorneys' fees and other relief be stricken.

---

[2] Pennsylvania Rule of Civil Procedure 1042.3 requires a plaintiff "[i]n any action based upon an allegation that a licensed professional deviated from an acceptable professional standard" to file a certificate of merit with the complaint, or within 60 days after the filing of the complaint. Pa.R.A.P. 1042.3(a). A defendant may file a praecipe for entry of a judgment of *non pros* if the plaintiff fails to file the required certificate of merit. **See** Pa.R.C.P. 1042.7(a).

On April 4, 2019, the trial court sustained, in part, Attorney Tinari's Preliminary Objections. Specifically, the trial court dismissed all claims brought by Ava, as well as the claims for breach of contract and attorneys' fees brought by Rollins.

On September 27, 2019, Attorney Tinari filed an Answer and New Matter, raising, *inter alia*, the statute of limitations. Rollins filed a Reply.

Attorney Tinari filed a Motion for Judgment on the Pleadings on May 21, 2020. Therein, Attorney Tinari again asserted that Rollins's legal malpractice claim is barred by the statute of limitations, as Rollins was sentenced on April 7, 2008. Attorney Tinari also claimed that Rollins failed to plead a basis for equitable tolling of the statute of limitations.

On June 29, 2020, the trial court entered an Order granting Attorney Tinari's Motion for Judgment on the Pleadings, and entering Judgment in favor of Attorney Tinari, and against Rollins.

Subsequently, on July 9, 2020, Rollins filed a Motion to Reconsider, as well as a Response to Attorney Tinari's Motion for Judgment on the Pleadings. In his Motion to Reconsider, Rollins claimed that he had intended to file a motion for extension of time, which was unopposed by Attorney Tinari, but that he was unable to file his motion due to a problem with the trial court's electronic filing system. Rollins also claimed that he mailed the relevant documents to the trial court, but the pleadings were never entered on the docket. In his brief in opposition to the Motion for Judgment on the Pleadings,

Rollins argued that the statute of limitations period did not accrue until February 15, 2013, the date he filed his PCRA Petition. Rollins also claimed that the statute of limitations was tolled during the pendency of his PCRA action. Alternatively, Rollins asserted that he is entitled to equitable tolling. Attorney Tinari filed a Response in opposition to Rollins's Motion for Reconsideration, and a brief in support thereof.

Rollins filed a timely Notice of Appeal on July 28, 2020.[3] The trial court ordered Rollins to file a Pa.R.A.P. 1925(b) Concise Statement of errors complained of on appeal, and Rollins timely complied.

On appeal, Rollins raises the following issues for our review:

1. Was [Rollins's] legal malpractice action filed within the applicable two-year statute of limitations?

2. Was the two-year statute of limitations tolled during the pendency of a related post-conviction challenge?

Brief for Appellant at 1.

We will address Rollins's claims together, as they are related, and Rollins addresses them together in his brief. Rollins asserts that the statute of limitations for the instant legal malpractice accrued when he filed his PCRA

---

[3] The trial court subsequently denied as moot Rollins's Motion for Reconsideration.

- 7 -

Petition, and that the PCRA proceedings tolled the statute of limitations.[4] Brief for Appellant at 7. Rollins, citing **Bailey**, argues that the subsequent change in law requiring ineffective assistance of counsel claims to be raised in post-conviction proceedings[5] also supports his position. Brief for Appellant at 7-8. Further, Rollins argues that the **Bailey** rule, which requires a plaintiff to have previously obtained relief based on his attorney's error "should be revisited because it was decided at a time when demonstrable proof of innocence was considered rare." **Id.** at 10. According to Rollins, an accrual date at the time of sentencing would create a statute of limitations "trap," because a plaintiff would have to file a malpractice action before obtaining a successful outcome in his underlying criminal case. **Id.** at 12-14.

In reviewing the trial court's Order granting Judgment on the pleadings, we are mindful of the following standard:

> [T]his Court applies the same standard as the trial court and confines its consideration to the pleadings and documents properly attached thereto. We must determine whether the trial

---

[4] Legal malpractice actions "can sound in trespass and/or assumpsit…." **Bailey v. Tucker**, 621 A.2d 108, 112 (Pa. 1993); **see also Wachovia Bank, N.A. v. Ferretti**, 935 A.2d 565, 570 (Pa. Super. 2007) (stating that "an action for legal malpractice may be brought in either contract or tort." (citation and brackets omitted)). Rollins refers only to the two-year statute of limitations in his appellate brief, which applies to actions based in tort. **See** 42 Pa.C.S.A. § 5524(7); **see also Wachovia Bank**, 935 A.2d at 571 (stating that "it is undisputed that the two-year limitations period applies to the negligence claim").

[5] **See Commonwealth v. Grant**, 813 A.2d 726, 738 (Pa. 2002) (holding that "a petitioner should wait to raise claims of ineffective assistance of trial counsel until collateral review.").

court's action respecting the motion for judgment on the pleadings was based on a clear error of law or whether there were facts disclosed by the pleadings which should properly go to the jury. We will affirm the grant of judgment on the pleadings only if the moving party's right to succeed is certain and the case is so free from doubt that trial would clearly be a fruitless exercise.

*LSI Title Agency, Inc. v. Evaluation Servs., Inc.*, 951 A.2d 384, 389 (Pa. Super. 2008) (citation omitted); *see also Bowman v. Sunoco*, 986 A.2d 883, 886 (Pa. Super. 2009) (stating that "[j]udgment on the pleadings is proper only where the pleadings evidence that there are no material facts in dispute such that a trial by jury would be unnecessary.").

In *Bailey*, our Supreme Court considered civil actions based upon criminal defense malpractice. Differentiating legal representation in a criminal case as opposed to a civil case, the Court set forth five elements a plaintiff must establish when bringing a trespass action against a criminal defense

attorney.[6]  ***Bailey***, 621 A.2d at 112-15.  Additionally, the Court explained that

the statute of limitations "period commences at the time the harm is suffered

or, if appropriate, at the time the alleged malpractice is discovered.  In the

context of a criminal malpractice action, the time when the harm is suffered

will, in the typical case, be easily identifiable, *i.e.*, the date of sentence." ***Id.***

at 115-16 (footnote omitted).  Regarding "the date a defendant becomes

aware that his counsel may have been responsible for the harm[,]" the Court

stated that "[t]he appropriate starting point is the termination of the attorney-

client relationship, since at that point the aggrieved defendant is aware of the

_____

[6] A plaintiff must establish the following:

> (1) The employment of the attorney;
>
> (2) Reckless or wanton disregard of the defendant's interest on the part of the attorney;
>
> (3) [T]he attorney's culpable conduct was the proximate cause of an injury suffered by the defendant/plaintiff, *i.e.*, "but for" the attorney's conduct, the defendant/plaintiff would have obtained an acquittal or a complete dismissal of the charges[;]
>
> (4) As a result of the injury, the criminal defendant/plaintiff suffered damages[;]
>
> (5) Moreover, a plaintiff will not prevail in an action in criminal malpractice unless and until he has pursued post-trial remedies and obtained relief which was dependent upon attorney error; additionally, although such finding may be introduced into evidence in the subsequent action it shall not be dispositive of the establishment of culpable conduct in the malpractice action.

***Bailey***, 621 A.2d at 115 (footnotes omitted).

injury (*i.e.*, the conviction), and is on clear notice to investigate any alternate cause of that harm which he believes to exist." ***Id.*** at 116.

Defendant Bailey was convicted in his underlying criminal action on April 13, 1970, and sentenced on October 14, 1970. ***Id.*** at 110, 116.

> On July 19, 1973, represented by new counsel, [Bailey] filed a petition under the Post-Conviction Hearing Act[7] alleging, *inter alia*, that he had been denied effective assistance of counsel. Therefore, the statute of limitations began to run **no later than** July 19, 1973, since on that date appellant was clearly on notice of [his attorney's] alleged dereliction. The instant malpractice action was commenced on October 22, 1980, well beyond any applicable period of limitation.

***Id.*** at 116 (footnote and emphasis added).

In ***Bailey***'s companion case, defendant Trice was convicted and sentenced in the United States District Court for the Eastern District of Pennsylvania on March 25, 1975. ***Id.*** at 111. On November 3, 1978 Trice filed a *pro se* petition to vacate his sentence in the United States District Court, claiming ineffective assistance of counsel. ***Id.*** The Court concluded that the statute of limitations for any trespass action had begun to run on the date Trice filed his petition to vacate, because, "at least of that date," his attorney's services had been terminated. ***Id.*** at 116. The Court therefore concluded that Trice's malpractice action, filed on August 9, 1984, was filed beyond the statute of limitations. ***Id.*** at 116-17.

---

[7] ***See*** 42 Pa.C.S.A. §§ 9541-9551 (Purdon 1982), repealed and substantially modified by the Post Conviction Relief Act, 42 Pa.C.S.A. §§ 9541-9542 (Purdon Supp. 1989).

Here, Rollins was sentenced in the underlying criminal matter on April 7, 2008. Additionally, our review of Rollins's prior criminal litigation reveals that Attorney Tinari withdrew from representation, and direct appeal counsel entered his appearance in June 2008. Thus, the attorney-client relationship had been terminated at that time, and the statute of limitations had begun to run. *See Bailey*, 621 A.2d at 116 (stating that for purposes of criminal legal malpractice actions, a defendant becomes aware of the harm suffered upon termination of the attorney-client relationship); 42 Pa.C.S.A. § 5524(7); *see also M.A. v. Brabender*, 839 A.2d 1133, 1136 (Pa. Super. 2003) (stating that "it is clear that, in criminal legal malpractice actions, the statute of limitations begins to run on the date of sentencing, or not later than the termination date of the attorney/client relationship.").[8] Rollins did not initiate the instant legal malpractice action until December 18, 2018, well beyond the statutory period.

Accordingly, we are constrained to affirm the trial court's Order granting Attorney Tinari's Motion for Judgment on the Pleadings and entering Judgment in favor of Attorney Tinari.

Order affirmed.

---

[8] Even if we were to consider the date on which Rollins filed a PCRA Petition challenging Attorney Tinari's effectiveness, February 15, 2013—as Rollins requests—the instant action would still be beyond the applicable statute of limitations.

Judgment Entered.

Joseph D. Seletyn, Esq.
Prothonotary

Date: 5/20/21