J-A04039-22

**NON-PRECEDENTIAL DECISION - SEE SUPERIOR COURT I.O.P. 65.37**

| | | |
|---|---|---|
| OBERMAYER, REBMANN, MAXWELL AND HIPPEL, LLP | : | IN THE SUPERIOR COURT OF PENNSYLVANIA |
| | : | |
| | : | |
| | : | |
| v. | : | |
| | : | |
| | : | |
| J.P. MASCARO & SONS | : | |
| | : | No. 1601 EDA 2021 |
| Appellants | : | |

Appeal from the Order Entered May 14, 2020
In the Court of Common Pleas of Philadelphia County Civil Division at
No(s): 1711000901

BEFORE:  LAZARUS, J., NICHOLS, J., and McLAUGHLIN, J.

MEMORANDUM BY McLAUGHLIN, J.:                    **FILED APRIL 18, 2022**

J.P. Mascaro & Sons ("Mascaro") appeals from the May 14, 2020 order entered in the Court of Common Pleas of Philadelphia denying its motion for post-trial relief in this breach of contract action. We affirm.

In April 2014, Mascaro, a solid waste collection and transportation company, retained Obermayer Rebmann Maxwell & Hippel, LLP ("Obermayer") to represent it in a federal class action and wage hour case under the Fair Labor Standards Act ("FLSA") in **McKinney v. Solid Waste Services, Inc. d/b/a J.P. Mascaro & Sons** (the "**McKinney** action"). In the **McKinney** action, Mascaro was alleged to have failed to pay its employees overtime. However, Mascaro asserted that it was exempt from paying overtime due to a statutory exemption under Section 13(b)(1) of the FLSA (the "13(b)(1) exemption"). The 13(b)(1) exemption exempts certain employers who are

under the jurisdiction of the U.S. Department of Transportation and who transport goods interstate from having to pay their drivers overtime wages. The plaintiffs in the *McKinney* action were also seeking a class certification to file a class action on behalf of other potential Mascaro employees who were not paid overtime.

At the outset of the *McKinney* action, Mascaro made Obermayer aware that it had previously been audited and the 13(b)(1) exemption was found to apply to Mascaro. Mascaro also alleged that Obermayer was familiar with the 13(b)(1) exemption because Obermayer previously represented Mascaro in a wage and hour case where the exemption defense was successful in resolving the case.

Pursuant to the parties' agreement, Obermayer provided Mascaro with monthly billing statements, which included detailed entries about the work that Obermayer was doing in the *McKinney* action. The agreement also provided that Mascaro could contact Obermayer at any time if it had any questions regarding Obermayer's services and billing practices. After Obermayer had been representing Mascaro in the *McKinney* action for approximately eight months, Mascaro concluded that Obermayer's legal fees were excessive and unnecessary, and it directed Obermayer to stop working on the case. Obermeyer then ceased working on *McKinney* action and Mascaro's general counsel took over the defense of the case. At the time of termination, Obermayer was preparing to notice the *McKinney* plaintiffs for

depositions and was gathering research in anticipation of filing a motion for summary judgment.

Obermayer subsequently brought this action to collect unpaid legal fees from Mascaro. A bench trial was held on January 21, 2020. The court issued findings of fact and conclusions of law and found that Mascaro breached its contract with Obermayer. It entered a finding in favor of Obermayer and against Mascaro in the amount of $58,205.59. Mascaro filed a post-trial motion, which was denied. This appeal followed. Mascaro raises the following issues:

1. Did Obermayer breach its duty of good faith and fair dealing?
2. Does Obermayer's breach of its duty of good faith and fair dealing excuse Mascaro from paying outstanding fees?

Mascaro's Br. at 4. We will address Mascaro's two issues together.

Our standard of review in a non-jury trial is well established:

> We must determine whether the findings of the trial court are supported by competent evidence and whether the trial judge committed error in the application of law. Additionally, findings of the trial judge in a non-jury case must be given the same weight and effect on appeal as a verdict of a jury and will not be disturbed absent error of law or abuse of discretion.

***Davis ex rel. Davis v. Gov't Employees Ins. Co.***, 775 A.2d 871, 873 (Pa.Super. 2001) (citation omitted). Our scope of review over questions of law is plenary. ***Century Indem. Co. v. OneBeacon Ins. Co.***, 173 A.3d 784, 802 (Pa.Super. 2017) (citation omitted).

Mascaro argues that under Pennsylvania law, every contract imposes on each party a duty of good faith and fair dealing in its performance and enforcement. Mascaro's Br. at 18. It contends that the trial court erred when it failed to recognize that Obermayer breached its duty of good faith and fair dealing when Obermayer unreasonably billed Mascaro for unnecessary work in the **McKinney** action. **Id.** at 19. Mascaro argues that Obermayer billed tens of thousands of dollars in reviewing and responding to the **McKinney** plaintiffs' "normal wage and hour" discovery, which it claims was unrelated to the threshold 13(b)(1) exemption issue. **Id.** at 9-10. It contends that discovery should have been limited to the exemption issue and not to all aspects of the wage and hour claims, as Mascaro "was confident in that issue[,] it provided the most efficient path to resolution[,] and the case was 'teed up' for early and efficient resolution on that issue." **Id.** at 20-21. Mascaro maintains that Obermayer's discretion in the **McKinney** action was not unfettered and Obermayer violated Rule 1.5 of the Rules of Professional Conduct by using "wasteful procedures." **Id.** According to Mascaro, Obermayer's breach of its duty of good faith and fair dealing was a material breach of the contract that excused Mascaro from having to pay the unnecessary legal fees. **Id.** at 28.

"Every contract imposes on each party a duty of good faith and fair dealing in its performance and its enforcement." **Kaplan v. Cablevision of Pa., Inc.**, 671 A.2d 716, 722 (Pa.Super. 1996) (*en banc*) (quoting Restatement (Second) of Contracts, § 205). A breach of the duty of good faith

and fair dealing "cannot be precisely defined in all circumstances, however, examples of bad faith conduct include: evasion of the spirit of the bargain, lack of diligence and slacking off, willful rendering of imperfect performance, abuse of a power to specify terms, and interference with or failure to cooperate in the other party's performance." *Id.* (citations and internal quotation marks omitted). A claim for breach of the covenant of good faith and fair dealing is subsumed in a breach of contract action and is not itself an independent cause of action. *LSI Title Agency, Inc. v. Evaluation Servs.*, 951 A.2d 384, 391-92 (Pa.Super. 2008).

Here, Mascaro did not file a counterclaim against Obermayer alleging breach of contract. Rather, Mascaro only filed an answer with new matter to Obermayer's complaint, alleging "Obermayer. . . breached its implied duty of good faith in its billing practices to Mascaro in connection with providing the above-described services." New Matter, at ¶ 9. Since Mascaro did not file a breach of contract counterclaim against Obermayer, it cannot now allege that Obermayer breached its duty of good faith and fair dealing. *LSI Title Agency, Inc.*, 951 A.2d at 391-92.

Even if Mascaro had properly presented such a claim, it would lack merit. The court heard evidence that Obermayer kept in regular contact with Mascaro during discovery in the *McKinney* action and provided Mascaro with monthly billing statements with detailed entries regarding the work that was being completed in that matter. N.T., 1/21/20, at 67, 139-40, 142. Mascaro's deputy general counsel, Albert DeGennaro, Esq., confirmed that Mascaro

received the monthly billing statements and admitted that he never objected to any specific bill entries throughout the discovery process. *Id.* at 139-40, 141-42.

An Obermayer attorney who worked on the *McKinney* action, Thomas Hearn, Esq., testified that the *McKinney* action was a hybrid case, namely a class action and collective action case, and discovery related to wage and hour was necessary in order to see if there was commonality among the plaintiffs and also to determine Mascaro's potential liability if additional plaintiffs opted to join the action, as well as to ascertain a possible settlement value. *Id.* at 21-22, 34-35, 59-60. Hearn stated that the wage and hour discovery was propounded by the plaintiffs and that Obermayer had DeGennaro's help in responding to those discovery requests, without any objection from him. *Id.* at 54. DeGennaro agreed that he provided documents for discovery to Obermayer. *Id.* at 153. Hearn also testified that much of Obermeyer's research that was done on the applicability of the 13(b)(1) exemption was whether the interstate transfer of trash was considered "goods" within the meaning of the statute and whether recyclables that were changed from their native form could fall within the 13(b)(1) exemption. *Id.* at 18-19.

A former Obermayer attorney who worked on the *McKinney* action, Larry Besnoff, Esq., testified that although he previously represented Mascaro in a wage and hour case where the exemption defense was found to apply to Mascaro, there were several different factual and legal issues in the *McKinney* action that made it unclear whether the 13(b)(1) exemption would apply. *Id.*

at 66-67. Besnoff stated that while in the previous case it was clear that the trash stream was going through interstate commerce, the **McKinney** action also involved recyclables, and it was unclear whether recyclables were considered a different type of goods within the meaning of the statute. **Id.** Besnoff further testified that some time had passed since the previous matter and there was new case law issued on whether trash was considered goods and therefore, whether it qualified for the 13(b)(1) exemption. **Id.** at 72.

The trial court's finding that Mascaro breached its contract with Obermayer by failing to pay outstanding legal fees for services legitimately rendered to Mascaro by Obermayer is supported by competent evidence and the court did not err in its application of the law. The record indicates that the court heard testimony that Obermayer kept in regular contact with Mascaro during discovery in the **McKinney** action and performed appropriate legal services for Mascaro. Further, the trial court carefully considered the credibility of the witnesses[1] and we are bound by the court's credibility determinations. **See Williams v. Taylor**, 188 A.3d 447, 450 (Pa.Super. 2018) (stating "the trial judge, as finder of fact, is free to believe all, part, or none of the evidence, and this Court will not disturb his credibility determinations"). Accordingly, Mascaro's claim that Obermayer breached the duty of good faith and fair dealing is without merit.

Order affirmed.

---

[1] **See** Trial Court Order, 5/14/20.

Judgment Entered.

Joseph D. Seletyn, Esq.
Prothonotary

Date: 4/18/2022