**NOT PRECEDENTIAL**

UNITED STATES COURT OF APPEALS
FOR THE THIRD CIRCUIT
_____

No. 24-3047
_____

ANDREI DOROSHIN,
Appellant

v.

DREXEL UNIVERSITY; JOHN FRY; NORMA BOUCHARD
_____

On Appeal from the United States District Court
for the Eastern District of Pennsylvania
(D.C. No. 2-22-cv-05158)
District Judge:  Honorable Mia R. Perez
_____

Submitted Pursuant to Third Circuit L.A.R. 34.1(a)
October 27, 2025
_____

Before:  CHAGARES, <u>Chief Judge</u>, BOVE and SCIRICA, <u>Circuit Judges</u>

(Opinion filed: December 10, 2025)
_____

OPINION[*]
_____

---

[*]This disposition is not an opinion of the full Court and, pursuant to 3d Cir. I.O.P. 5.7, does not constitute binding precedent.

CHAGARES, <u>Chief</u> <u>Judge</u>.

At the height of the COVID-19 pandemic, Andrei Doroshin was both a Drexel University ("Drexel" or the "University") graduate student and the CEO of a non-profit that contracted with the Philadelphia Department of Public Health to run a vaccination clinic. After the non-profit collapsed under allegations of mismanagement, Drexel expelled Doroshin. Doroshin filed this lawsuit alleging a variety of state and federal claims against Drexel and two of its high-ranking administrators. He now appeals the District Court's dismissal of those claims. For the reasons set forth below, we will affirm.

I.

We write solely for the parties and so recite only the facts necessary to our disposition. In 2020, Doroshin was a graduate student at Drexel, a private university in Philadelphia, Pennsylvania. After the COVID-19 pandemic began, Doroshin founded Philly Fighting Covid, a non-profit organization that initially aimed to run COVID-19 testing sites in the city. The organization had no formal relationship with the University. The organization presented a prospective vaccine rollout plan to city officials in the fall of 2020. This led to a partnership early in 2021 between the organization and the city to open vaccination clinics.

When this partnership began, both Drexel's then-President, John Fry, and its Dean, Norma Bouchard, sent Doroshin congratulatory emails. Philly Fighting Covid quickly became the subject of controversy due to purported mismanagement, however. As the scandal unfolded, Fry sent an email to over 180,000 Drexel students and alumni

2

emphasizing that the University was not involved in Philly Fighting Covid's management. Drexel suspended Doroshin on February 2, 2021. The following week, the University informed him that he was being investigated for potential violations of the University's Code of Conduct. Fry and Bouchard sent additional emails to the Drexel community lamenting the harm caused by Philly Fighting Covid and Doroshin. After a hearing before the University's Conduct Board — which Doroshin did not attend — the University expelled him on March 1, 2021.

The following year, the Pennsylvania Attorney General filed a complaint against Doroshin alleging that he had commingled Philly Fighting Covid funds with his personal accounts. The same day, the Attorney General and Doroshin entered into a consent decree under which Doroshin agreed to dissolve Philly Fighting Covid, pay $30,000 in restitution, and serve a ten-year ban from working for any charitable organization in the state.

Doroshin filed this action on December 27, 2022. He raised 10 claims against Drexel, Fry, and Bouchard, alleging violations of the Family Education Rights and Privacy Act ("FERPA"), due process violations under the Fifth and Fourteenth Amendments, breach of contract, breach of the implied covenant of good faith and fair dealing, tortious interference with contract, racial discrimination, defamation, and both negligent and intentional emotional infliction of distress. The defendants filed a motion to dismiss for failure to state a claim, and the District Court dismissed the amended complaint in its entirety. Doroshin timely appealed.

II.[1]

Doroshin argues that the District Court erred in dismissing each of his ten claims. We disagree.

The District Court concluded that Doroshin abandoned both his FERPA and due process claims by not raising them in his response to the defendants' motion to dismiss. Because Doroshin makes no mention of this holding in his opening brief, he has forfeited any argument challenging it. See In re Wettach, 811 F.3d 99, 115 (3d Cir. 2016) (holding that arguments not raised or developed in an appellant's opening brief were forfeited). Doroshin also did not raise any argument challenging the District Court's conclusion that his defamation claim, brought well outside the one-year statute of limitations, is time barred.

Doroshin fares no better with his remaining claims. None of the defendants' alleged conduct rises to the requisite level of outrageousness needed to support an intentional infliction of emotional distress claim. See Davis v. Wigen, 82 F.4th 204, 216 (3d Cir. 2023) (noting that the alleged conduct must "go beyond all possible bounds of decency" (quoting Hoy v. Angelone, 720 A.2d 745, 754 (Pa. 1998))). Doroshin also has not shown that he satisfies any of the four theories of recovery permitted for negligent infliction of emotional distress under Pennsylvania law, which requires either the existence of a special relationship or that Doroshin suffered, almost suffered, or

---

[1] The District Court had jurisdiction under 28 U.S.C. §§ 1331 and 1343, and we have appellate jurisdiction under 28 U.S.C. § 1291. We exercise plenary review over a district court's grant of a motion to dismiss for failure to state a claim. St. Luke's Health Network, Inc. v. Lancaster Gen. Hosp., 967 F.3d 295, 299–300 (3d Cir. 2020).

4

witnessed others suffer physical harm.  See Jordan v. Pennsylvania State Univ., 276 A.3d 751, 774 (Pa. Super. Ct. 2022).  Although he urges this Court to "be mindful that a special relationship existed between Appellant and Appellee," Doroshin Br. 26, he failed to preserve this argument by not raising it before the District Court.  Taha v. County of Bucks, 862 F.3d 292, 299–300 (3d Cir. 2017).

Doroshin's breach of contract claim also falls short.  Doroshin argues that he was denied a fair hearing, Doroshin Br. 18, yet he nowhere specifies how this hearing — which he did not attend — was unfair.  Doroshin's generalized grievances with the outcome of his disciplinary hearing are insufficient.  See Swartley v. Hoffner, 734 A.2d 915, 921 (Pa. Super Ct. 1999) (noting that a student bringing a breach of contract action against a private university must "show how the university breached [a] specific written contract provision[]").  This also dooms Doroshin's breach of the covenant of good faith and fair dealing claim.  See Burton v. Teleflex, Inc., 707 F.3d 417, 432 (3d Cir. 2013) ("[U]nder Pennsylvania law, a 'claim for breach of the implied covenant of good faith and fair dealing is subsumed in a breach of contract claim.'" (quoting LSI Title Agency, Inc. v. Evaluation Servs., Inc., 951 A.2d 384, 392 (Pa. Super. Ct. 2008))).

We are also unpersuaded by Doroshin's tortious interference of contract and racial discrimination claims.  Doroshin brings his tortious interference claim against Fry and Bouchard.  Yet, in his brief, he addresses only how "Drexel's actions" disrupted his contractual relationship with the University.  Doroshin Br. 22–23.  Drexel cannot tortiously interfere with its own contract with Doroshin, however.  See CGB Occupational Therapy, Inc. v. RHA Health Servs., Inc., 357 F.3d 375, 384 (3d Cir. 2004)

5

(noting that under Pennsylvania law a tortious interference claim requires that the defendant harm a contractual relationship between the complainant and a third party). Moreover, Doroshin's racial discrimination claim fails because Doroshin has not pled that his Russian-American heritage was the reason Drexel expelled him. See Comcast Corp. v. Nat'l Ass'n of Afr. Am.-Owned Media, 589 U.S. 327, 341 (2020) ("To prevail [under 42 U.S.C § 1981], a plaintiff must initially plead and ultimately prove that, but for race, it would not have suffered the loss of a legally protected right.").

Finally, because Doroshin's other claims all fail, the District Court correctly denied his request for injunctive relief.

III.

For the foregoing reasons, we will affirm the order of the District Court.